PER CURIAM.
This case is before the Court on Petition for Leave to Resign from The Florida Bar filed by Fred Anderson Vaught, Jr. pursuant to Rule 11.08 of the Integration Rule of The Florida Bar.
The Report of the Ninth Judicial Circuit Grievance Committee A Investigation Member reads in part as follows:
“CASE NO. 9A — 76-60
HEINMILLER vs. VAUGHT
This case involves the return of a trust account check for insufficient funds. The trust account check was drawn against uncollected funds in conjunction with a real estate closing on the alleged agreement that the payee of the check would not attempt to negotiate it until the passage of several days. The check was originally dishonored upon being deposited before the agreed date and thereafter ten days after its return was again presented and was dishonored a second time for insufficient funds.
Review of the Accused attorney’s records indicated that at the time this check was drawn funds had been misappropriated from the trust account, and so the failure to honor the check for insufficient funds by the bank was not solely the result of the uncollected nature of the funds against which it was drawn. The misappropriation of trust account funds generally affected this account along with several dozen other accounts.
On the evidence available to the Committee, the Committee voted a finding of probable cause that there had been a violation of Integration Rule 11.02(4) and DR-9-102 and DR — 1-102(A)(4).
CASE NO. 9A-76-65
SCOTT vs. VAUGHT
This complaint by Cpt. Scott, USMC stationed in Cuba alleged that the Accused attorney had collected a note and mortgage for Cpt. Scott in conjunction with the sale of Cpt. Scott’s house when he moved from Orlando and that the Accused had failed to disburse to Cpt. Scott the proceeds of that note and mortgage received and held in trust.
The Accused attorney first informed the investigating member that the check had been transmitted to Cpt. Scott but because he was stationed in Cuba had been returned for improper address. Further investigation indicated that this was not true and it was this case that finally resulted in the first evidence that there had been misappropriation of trust account funds.
Cpt. Scott was eventually paid the proceeds of the mortgage by Vaught some five months after their collection and only after the grievance had proceeded for approximately one month.
The Committee found probable cause that there had been a violation of Integration Rule 11.02(4) and DR-9-102 and DR-1-102(A)(4).
*822 CASE NO. 9A-76-75
HAUSER vs. VAUGHT
The complaining party, an instructor at Rollins College, and acquaintance of the Accused attorney, employed the Accused attorney to handle his father’s small estate. In the course of handling this estate the Accused attorney was required to transfer title to two automobiles, a few securities, receive dividend checks, obtain the proceeds from insurance and satisfy two creditors. The Accused attorney failed after repeated requests to properly handle this case, and in the course of handling the estate approximately $1,400.00 came into his hands and into trust and was not disbursed as it should have been until the filing and investigation of the complaint by the complaining party. The complaining party employed new counsel who was unable to communicate with the Accused attorney or obtain the complaining party’s file for several weeks. I am informed that the complaining party has now been paid and all of his files have been turned over to new counsel.
The complaining party filed a formal complaint with the State Attorney’s office and according to counsel for the Accused attorney the State Attorney’s office by agreement with the Accused attorney’s counsel to nol pross the case upon resignation from the Bar by the Accused attorney and based upon the correspondence from the complaining party that he had been paid in full and has obtained his files.
Upon this information, the Committee voted a finding of probable cause that there had been a violation of Integration Rule 11.02(4) and DR-9-102, DR-1-102(A)(4), DR-6-101(A)(3) and 7-101(A)(2).
CASE NO. 9A-76-90
BETS vs. VAUGHT
This case involves a combination of failure of the Accused attorney upon request to return the files of the complaining party to him and also an utter neglect of the client’s affairs and failure to both keep the client advised and to properly prosecute the client’s lawsuits. It also involves misrepresentation to a client of the status of the client’s case and the undertaking of legal proceedings without the permission of the client. Here the client was being sued by a corporation and suffered a judgment but was misinformed by the Accused attorney that the same had not occurred and the Accused attorney thereupon and on his own without permission or knowledge of the client filed an appeal which was unsuccessful. Thereafter supplementary proceedings were begun against the client and only after the second noticing of deposition and having been informed by the Accused attorney that it was unnecessary for him to attend and just short of being held in contempt did the complaining party learn of what had occurred.
In addition, the complaining party has been informed that the Accused attorney recovered a judgment against a corporation against whom the complaining party had a complaint in substantial amount, but whether it was collected or not or in fact was recovered is unspecified and unknown at this time. The Accused attorney failed to notify or inform the client about the status of any of these matters and refused after repeated requests to return the files to the client or to the client’s new attorney. The files of the complaining party contain various original documents.
As of the date of this report, the complaining party’s files have not been returned to him. These files and all of the other files it is hoped will soon be placed into the hands of the Accused attorney’s counsel for proper distribution to the clients.
On this information, the Grievance Committee voted a finding of probable cause that there had been a violation of DR-9-102, DR-6-101(A)(3), DR-7-101(A)(2) and DR — 1-102(A)(4) and (6).
CASE NO. 9A-76-101
STOPFUL (ex rel. KIMSEY) vs. VAUGHT
This case was filed by an attorney for the father of an accused Rollins College student *823 who was arrested for turning in six false fire alarms as a prank and who posted a bond of $1,036.00 with the City of Winter Park Municipal Court. The boy was fined $1,100.00 and the father sent to the Accused attorney $1,400.00 to cover the $1,100.00 fine and a $300.00 fee. This made a total from the father of $2,400.00 including the bond. Instead of utilizing the $1,100,00 from the second fund sent by the father, the bond was forfeited in payment of the fine and there remains due $66.00 on that fine. The $1,400.00 sent by the father was appropriated by the Accused attorney without passing through his trust account.
The Accused attorney misrepresented the facts of this case to the investigating member stating that the funds were still in the hands of the Municipal Court Clerk. Inquiry of the Municipal Court Clerk revealed the true facts. The Accused attorney states that he will reimburse the father.
Based upon these facts, the Committee voted a finding of probable cause that there had been a violation of DR-9-102.
CASE NO. 9A-76-105
RICHARD RUSSELL vs. VAUGHT
This case involves the mishandling of an action in the County Court in Seminole County in which the complaining party was the plaintiff seeking a judgment. There was an utter failure of communication and failure to handle this case properly. After more than year the complaining party was requested to appear at Court whereupon the defendant allegedly did not show up and a default was allegedly taken. The Accused attorney informed the complaining party that a judgment had been recovered in his behalf for approximately $1,500.00 upon which levy would be executed. Several weeks later the complaining party called the Accused attorney and asked the status of the execution and was informed that money had been collected and he should come to the Accused attorney’s office to pick it up. Upon arrival at the attorney’s office he was presented with a check for $220.00 and informed that more money would be forthcoming.
It appears that no judgment was recovered and indeed that no suit was ever filed, that there was no levy of execution, and that the funds paid were from the Accused attorney. Upon confrontation of the Accused by these facts, he admitted mishandling of the case, would not discuss details of it and stated his willingness to pay the complaining party all of the losses incurred by him.
This case also involves the failure of the Accused attorney to turn over the complaining party’s files to him or his new attorney. The Accused attorney insists that he has turned over the files but several documents from the files were mislaid and apparently have been lost in the course of the closing of his law practice. He promised to search for them further, but as of the date of this report, unsuccessfully. These documents are also being requested by the Accused’s counsel in hopes that they may be properly returned to the complaining party.
Based upon these facts, the Committee voted a finding of probable cause that there had been a violation of DR-9-102, DR-1— 102(A)(4), DR-6 — 101(A)(3) and DR-7-101(A)(2).”
In replying, petitioner states:
“CASE NO. 9A — 76-60
Petitioner did issue a Trust Account check to Mr. Heinmiller which was returned for insufficient funds because of the fact that Petitioner had misappropriated from his Trust Account certain funds which, although subsequently reimbursed, did have the effect of leaving the Trust Account at the time of the issuance of the check to Mr. Heinmiller, with insufficient funds to pay said cheek.
CASE NO. 9A-76-65
Petitioner did misappropriate the funds deposited in his Trust Account for the use and benefit of Cpt. Scott, USMC, but subsequently did reimburse his Trust Account and paid the proceeds to Cpt. Scott some five months after their collection.
*824 CASE NO. 9A-76-75
Petitioner did mishandle the Estate of Mr. Hauser in that he did not properly communicate with Mr. Hauser and although Petitioner had approximately $1,400.00 of the estate’s money in his Trust Account did not timely disburse said $1,400.00, but subsequent to the filing did disburse the $1,400 to Hauser’s designated attorney and further, after the filing of the grievance, provided Hauser’s designated attorney with all files.
CASE NO. 9A-76-90
Petitioner did undertake to represent Mr. Bets and did misrepresent to Mr. Bets the status of his case and the undertaking of legal proceedings. During the course of the representation of Mr. Bets, Petitioner did neglect Bets’ affairs and did not properly advise Mr. Bets. Further, Petitioner did not return upon request Mr. Bets’ files but did subsequently provide Bets with all information in Petitioner’s possession.
CASE NO. 9A — 76-101
Petitioner did undertake the representation of a Rollins student and upon receipt of $1,400 from the father of said student did misappropriate the $1,400 and did not utilize it to pay the fine subsequently assessed by the Municipal Court of Winter Park against said student. Further, Petitioner did misrepresent the facts of this case to the investigating member of the Orange County Grievance Committee but has subsequently reimbursed the father of the student.
CASE NO. 9A-76-105
Petitioner did undertake the representation of Richard Russell and subsequently failed to communicate with Russell or to handle his case properly. Petitioner admitted that he advised Russell that a judgment had been entered in Russell’s favor on a suit filed by Petitioner on behalf of Russell when, in fact, Petitioner did not file suit and no judgment was rendered in Russell’s favor. Petitioner further states that he has turned over to the complaining party all the files in his possession but admits that some of these documents may be mislaid.”
A Response filed by the Investigating Member of the Grievance Committee states:
“Based upon the investigation of the undersigned, the Amendment to the Reply by the Petitioner is in substantial accordance with the facts as I found them. The investigation conducted by the undersigned was terminated upon the filing of reports by the Committee with the Florida Bar finding probable cause and, at that time, reimbursement of the Petitioner’s clients from misappropriation from the trust funds was, insofar as the undersigned could determine, essentially complete with the exception of reimbursement in Case No. 9A-76-101 which had not been made. Some client’s files had not, at that time, been returned to clients. In preparation of this Response, I have determined that the funds in Case No. 9A-76-101 are still not reimbursed and the client’s file in Case No. 9A-76-90 is apparently permanently lost. Accordingly, the undersigned, as investigating member of the Grievance Committee involved in this matter, agrees to the Amendment to the Reply of the Petitioner, with the foregoing exceptions.”
It is ordered by the Court that the Petition for Leave to Resign is hereby granted upon the following agreed upon conditions by petitioner:
1. conditioning acceptance of any future reinstatement/readmission application for processing by proof of full restitution to any and all injured clients whether the subject of this proceeding or as otherwise may be discovered,
2. proving he has rehabilitated himself emotionally in any reinstatement proceeding,
3. satisfactorily passing all portions of the regular Florida bar examination after any future application but prior to any reinstatement/readmission,
4. admitting the truth of the charges against him, that they warrant a dis *825 barment and that he is choosing this resignation process rather than undergo a full disbarment proceeding,
5. having full costs of this case now totaling $2,780 assessed against him prior to acceptance of any reinstatement/readmission application including those of the audit; and
6. waiving confidentiality in regard to a public opinion in the Southern Reporter setting forth the full facts and circumstances which led to the resignation petition based on a stipulation of facts to be filed in order to better advise the Bar, bench and public.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND and HATCHETT, JJ., concur.