PER CURIAM.
This matter is before the Court on petition of Clinton M. T. Green for leave to resign pursuant to The Florida Bar Integration Rule, Article XI, Rule 11.08.
Petitioner files his petition for leave to resign while the following matters are pending against him:
1. The Florida Bar v. Clinton M. T. Green, Case No. 6A76-14, charging failure to act competently in timely completing a real estate closing and in probating an estate. The Referee found petitioner guilty of violation of The Florida Bar Code of Professional Responsibility, DR 6-101(A), DR 7-101(A)(2), and DR 9-102(A), and recommended petitioner be suspended from the practice of law for one year.
2. The Florida Bar v. Clinton M. T. Green, Case No. 6A77-12, charging neglect in failing to forward criminal appellate records and transcript to client.
3. The Florida Bar v. Clinton M. T. Green, Case No. 6A77-026, charging neglect in a legal matter entrusted to petitioner resulting in a default judgment being entered against his client.
4. The Florida Bar v. Clinton M. T. Green, Case No. 6A78-802, charging failure to pursue a foreclosure proceeding entrusted to petitioner; that the petitioner, although directed by his client to appeal a traffic conviction, paid a fine for the client and did not prosecute the appeal; and that the petitioner failed to return certain of the client’s property entrusted to him.
5. The Florida Bar v. Clinton M. T. Green, Case No. 06AU8-H07, charging failure to refund all of the retainer paid to petitioner by his client to commence a dissolution action which action the client subsequently decided not to pursue.
6. State of Florida v. Clinton M. T. Green, Pinellas County Circuit Criminal Case No. 7204007-CFANO. On July 28, 1977, petitioner was arrested in Pinellas County and charged with a felony offense of possession of more than one hundred pounds of marijuana. Petitioner was found guilty of said offense in a jury trial held on October 26, 1977, and on November 23, *730 1977, the petitioner was sentenced to a term of imprisonment in the Florida Division of Corrections for a period of six months to seven years.
Pursuant to the provisions of Florida Bar Integration Rule, Article XI, Rule 11.08, the petition for leave to resign is granted upon the following conditions:
(i) Petitioner shall not make or file an application for readmission to The Florida Bar until he is released from custody and parole, if any, but in no event until after the expiration of five years after the date of this order accepting resignation, nor until all costs, currently assessed or not, in connection with disciplinary cases that are dismissed because of his resignation have been paid by petitioner; and
(ii) Confidentiality is hereby waived.
Execution is directed to issue for the costs of these proceedings against the petitioner in the amount of $416.20.
It is so ordered.
OVERTON, C. J., and ADKINS, SUND-BERG, HATCHETT and KARL, JJ., concur.