## IN THE MATTER OF ATKINS.
### (SUPREME COURT DISCIPLINARY No. 323)
(320 SE2d 146)

PER CURIAM.

Ben S. Atkins was charged by the State Bar of Georgia as having violated Standard 43 of Bar Rule 4-102 in Part IV (Discipline) of the Rules and Regulations for the Organization and Government of the State Bar of Georgia. Standard 43 provides "a lawyer shall not handle a matter which he knows or should know that he is clearly incompetent to handle without associating with him a lawyer who he reasonably believes to be competent to handle it. A violation of this standard may be punished by public reprimand." In its complaint the State Bar also alleges that Atkins has previously been the subject of disciplinary proceedings by the State Disciplinary Board and as a result has received one private reprimand, a letter of formal admonition and was suspended for thirty days, each of these being in separate proceedings.

Under Bar Rule 4-103 the finding of a third or subsequent disciplinary infraction constitutes discretionary grounds for suspension or disbarment. The Special Master appointed in this proceeding recommended a public reprimand and a twelve-month suspension. The State Disciplinary Board upon its review recommended Atkins be suspended from the practice of law for a period of two years and nine months. In view of the facts related below, we are unable to follow either recommendation and hold that Atkins must be disbarred.

In its complaint the State Bar alleged that Atkins, together with his wife Dorothy D. Atkins who is also an attorney at law, was re-

tained to represent Jack House who was accused of sodomizing and killing two seven-year-old boys. The State sought the death penalty and Atkins proceeded to trial as lead counsel without having first read the death penalty statute and its provision for a separate trial as to the issue of punishment. Upon learning of the statutory procedure, Atkins did not request a continuance and offered no evidence during the course of the sentencing phase. He made a closing argument consisting of four sentences and making no reference to any mitigating circumstances nor to why the evidence did not support a finding of aggravating circumstances. The jury found aggravating circumstances to exist and recommended the death penalty.

Ultimately the death sentence was set aside by the United States District Court in a habeas corpus proceeding. In her holding, the United States District Judge found in effect that Atkins' representation was the functional equivalent in every respect of having no representation at all.

Atkins acknowledged service of the complaint of the State Bar and on the following day he communicated to the Bar his "resignation" from the Bar. No answer or response to the complaint was ever filed. Subsequently the State Bar filed a motion for default and findings of fact by default. Atkins contends that the Bar could not go forward with the proceeding because he was no longer a member of the organization and that jurisdiction had been thus severed. He testified that he is not now practicing law but is rather working in the office of his wife as a paralegal even though his name continues to appear on the law firm letterhead.

1. Dealing first with the question of whether an attorney may escape disciplinary proceedings by simply resigning from the State Bar, we note that there is no provision in the Bar Rules providing for a "resignation." We have, however, recognized the right of an attorney to voluntarily surrender his license and have held that such a voluntary surrender is the equivalent to disbarment. *In the Matter of Collins*, 252 Ga. 68 (311 SE2d 818) (1984); *In the Matter of Crichton*, 251 Ga. 438 (307 SE2d 924) (1983). The action on the part of Atkins is not consistent with a voluntary surrender of his license because there is no admission on his part of the acts complained of. We therefore hold that a lawyer may not circumvent the disciplinary functions of the Bar organization by a simple resignation.

2. Pursuant to Rules 4-212 (a) and 4-213 the Special Master found Atkins to be in default and deemed the allegations of the complaint to be admitted. This holding on the part of the Special Master followed a hearing in which Atkins participated. The order of the Special Master also found Atkins to be in violation of the Bar Rules.

The seriousness of Atkins' actions is difficult to overstate. A lawyer who represents a client on trial for his life without attempting to

familiarize himself with the most basic of the trial procedures must be dealt with in such a way so as to protect the public. In this case the actions of Atkins in the House trial coupled with his previous disciplinary record authorize suspension or disbarment under Bar Rule 4-103. It is our judgment that the circumstances of this case require disbarment.

*Disbarment. All the Justices concur, except Weltner, J., disqualified.*

DECIDED SEPTEMBER 13, 1984.

*Omer W. Franklin, Jr., General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.