S98Y1436. IN THE MATTER OF DARRYL GILES DAVIDSON.
(506 SE2d 869)

PER CURIAM.

The State Bar filed a Notice of Discipline against Respondent Darryl Giles Davidson, alleging violations of Standards 67 (disbarment by another state is grounds for disbarment in Georgia) and 68 (failure to respond to disciplinary authorities) of Bar Rule 4-102 (d). Upon Davidson's failure to respond to the Notice of Discipline within the time provided under Bar Rule 4-208.3 (a), he was in default under Bar Rule 4-208.1 (b) and subject to discipline by this Court. The State Bar has recommended disbarment as the appropriate sanction for Davidson's violations of Standards 67 and 68. We agree.

Davidson is a resident of Florida and a member of the Florida Bar, whose rules provide for a type of discipline known as Disciplinary Resignation. On October 9, 1997, the Florida Supreme Court entered an order accepting Davidson's petition for disciplinary resignation in which he admitted conduct that would violate Standards 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 23 (lawyer who withdraws from employment shall promptly refund any unearned fees); 25 (lawyer shall not practice law in a jurisdiction where to do so would be a violation of regulations of the profession in that jurisdiction); 44 (lawyer shall not wilfully abandon or disregard a legal matter entrusted to him); 45 (lawyer shall not knowingly make a false statement of law or fact); 61 (lawyer shall promptly notify client of the receipt of funds, securities or other property and shall promptly deliver same to client); 63 (lawyer shall maintain complete records and promptly render accounts to client); and 65 (lawyer shall not commingle client's funds with his own or fail to account for trust property) of Bar Rule 4-102 (d) if committed in Georgia. In considering the proper discipline in this matter, we note that Davidson was the subject of multiple disciplinary actions in Florida; his Disciplinary Resignation is Florida's equivalent to a voluntary surrender of license; and he has failed to respond to or participate in the State Bar disciplinary proceedings.

We agree with the State Bar that disbarment is warranted as a result of Davidson's violations of Standards 67 and 68 of Bar Rule 4-102 (d). Accordingly, Davidson is disbarred from the practice of law in Georgia.

Disbarred. All the Justices concur.

DECIDED OCTOBER 5, 1998.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.