ORDER
PER CURIAM:
Eric C. Conn, a member of the Court’s Bar, has submitted, in the form prescribed by the Court, his resignation from the Bar in lieu of further investigatory proceedings on allegations of professional misconduct in cases before this Court. In submitting this resignation, attorney Conn has also relinquished any right to apply for reinstatement or readmission at any time in the future.
A resignation from the Bar while investigation as part of a disciplinary proceeding is pending is not provided for in the Court’s Rules of Admission and Practice. However, it is well established that a federal court possesses the inherent power to control admission to its bar and to discipline attorneys who appear before it. Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (“While this power ‘ought to be exercised with great caution,’ it is nevertheless ‘incidental to all Courts.’ ” (citing Ex parte Burr, 9 Wheat. 529, 6 L.Ed. 152 (1824))). The U.S. Supreme Court has ruled that the inherent powers of a court can be invoked even if procedural rules exist that sanction the same result by a different method. 501 U.S. at 49, 111 S.Ct. 2123. “[I]f in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.” Id. at 50, 111 S.Ct. 2123; see Klein v. Stahl GMBH & Co. Maschinefabrik, 185 F.3d 98 (3d Cir.1999).
Because the [Federal Rules of Civil Procedure] form and shape certain aspects of a court’s inherent powers [to control its own proceedings], yet allow the continued exercise of that power where discretion should be available, the mere absence of language in the federal rules specifically authorizing or describing a particular judicial procedure should not, and does not, give rise to a negative implication of prohibition.
G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 651-52 (7th Cir.1989) (citing Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). Accordingly, we conclude that this Court has the inherent power to accept resignations from members of the Bar who are involved in a disciplinary proceeding.
Although the Court has the inherent power to accept a resignation during the pendency of a disciplinary proceeding, whether the Court should accept such a resignation is a matter within the Court’s discretion. In determining whether to accept such resignations, courts have generally focused upon the impact that resignation will have on public policy interests *366 such as maintaining the integrity of the bar, the administration of justice, and protection of the public. Compare People v. Pacheco, 198 Colo. 455, 608 P.2d 333 (Colo.1979) (en banc) (permitting an attorney charged with neglecting a variety of clients’ legal matters to surrender his license to practice law); In re Green, 357 So.2d 729 (Fla.1978) (permitting resignation where the attorney had faded to prosecute an appeal of a traffic conviction, forward criminal appellate records to a client, pursue a foreclosure, probate an estate, and timely complete a real-estate closing, and neglected a legal matter that resulted in default judgment being entered against the client) and In re Vaught, 342 So.2d 820 (Fla.1977) (attorney faded to communicate with and misrepresented the status of a case to his client) with In re McCoy, 447 N.W.2d 887 (Minn.1989) (denying the attorney’s petition for resignation submitted during the pendency of disciplinary proceedings involving contentions that the attorney had faded to file suits or documents he claimed to have filed, refused to comply with request that he return client files, made no accounting to client on a judgment codeetion matter, and faded to cooperate with ethics investigation) and In re Atkins, 253 Ga. 319, 320 S.E.2d 146 (Ga.1984) (disbarring rather than accepting attorney’s voluntary surrender of his license because the court viewed the attorney’s fadure to be aware of and-to assert the right of a client poten-tiady faced with a death sentence to a bifurcated trial on the issues of gudt and sentencing as so egregious a defect in his competence as to warrant, for the protection of the public, the most severe of sanctions).
Although the Court is concerned by the alleged professional misconduct of the respondent, his agreement to cease all practice before this Court provides the Court and its appellants with protection from any repetition of such conduct by him. Moreover, no appellant has filed a complaint with the Court relating to professional services provided by the respondent. Therefore, the Court wdl accept the respondent’s resignation. This resignation is not to be construed as an admission of the adegations of professional misconduct by attorney Conn and the acceptance of the resignation by the Court does not constitute a finding by the Court as to the allegations pending. Nor does this order constitute an “order imposing discipline,” pursuant to Rule 13 of this Court’s Rules of Admission and Practice and, accordingly, the Clerk of the Court is not required to make the notifications described in subsections (b) and (c) of Rule 13.
Upon consideration of the foregoing, it is
ORDERED that the resignation of Eric C. Conn from the Bar of this Court, conditioned by his relinquishment of any right to apply for reinstatement or readmission, is accepted, and his name is hereby removed from the rolls of practitioners admitted to practice before this Court.