300 Ga. 862
FINAL COPY

S17Y0698. IN THE MATTER OF DAVID WESLER FRY.

PER CURIAM.

This disciplinary matter is before the Court pursuant to the report and recommendation of special master Joseph A. Boone, who recommends that the Court accept the "Petition for Voluntary Resolution" filed by Respondent David Wesler Fry (State Bar No. 278690). Fry filed his petition after the appointment of a special master, see Bar Rule 4-227 (c), and requested that he be allowed to resign his membership in the Georgia Bar, pursuant to Rule 1-208 of the State Bar's Governance Rules. Given the serious nature of Fry's violation and the ramifications of his unusual proposed resolution, however, the Court rejects Fry's Petition for Voluntary Resolution.

The facts as recited in the petition are that in March 2012 in the Superior Court of Richmond County, Fry entered a guilty plea under North Carolina v. Alford, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970), and the First Offender Act, see OCGA § 42-8-60, to two felony counts of bribery. He was sentenced to five years probation on each count to be served concurrently. Fry's probation

was terminated in October 2016, and he was discharged without an adjudication of guilt, as is allowed by the First Offender Act, see OCGA § 42-8-60 (e). Although the State Bar received a certified copy of Fry's convictions in 2012, the Bar attorney assigned to the case failed to act on those convictions at the time. In 2016, however, the Bar initiated this disciplinary action pursuant to Bar Rule 4-106, requesting that Fry show cause before a special master as to why he should not be disbarred, but admitting that the Bar's delay in pursuing discipline could be considered in mitigation, see ABA Standards for Imposing Lawyer Sanctions (1992), Standard 9.32 (j) (mitigating factors include delay in disciplinary proceedings). Fry acknowledged service of the disciplinary matter and entered into settlement discussions with the Bar.

Eventually, Fry, who has been a member of the Bar since 1990, filed his "Petition for Voluntary Resolution" in which he admitted the facts recited above, but questioned whether an Alford plea amounted to a violation of Rule 8.4 (a) (2) (violation of rules for a lawyer to be convicted of a felony) of Bar Rule 4-102 (d), the maximum penalty for which is disbarment. Fry asserts that he provided "information regarding his medical circumstances" to the special

2

master under seal[1] and requested that the special master allow the Bar to dismiss this disciplinary action so that he could petition to resign from the Bar, as is allowed by State Bar Governance Rule 1-208 (member in good standing may petition for leave to resign from the State Bar so long as there are no disciplinary actions or criminal proceedings pending against him or her). In his petition, Fry agreed that if the disciplinary matter was dismissed, he would resign his Bar membership and would "not seek reinstatement to the State Bar of Georgia." He argued that this resolution would be reasonable because it would protect the public and fairly address the Bar's delay in pursuing this matter.

The State Bar responded to Fry's petition asserting that an Alford plea does amount to a violation of Rule 8.4 (a) (2), acknowledging that Fry had submitted medical information under seal, and asserting that Fry had agreed not to "seek reinstatement to the State Bar of Georgia, or seek admission to the practice of law *in any other jurisdiction*," (emphasis supplied) following his resignation from the Bar. The Bar contended that Fry's proposed resolution of this matter was reasonable under the circumstances of this case and

---

[1] Only one document has been forwarded to this Court under seal, and that document appears to have been created to assist with Fry's criminal proceedings in 2012.

3

recommended that the special master accept Fry's request.

In his report and recommendation, the special master acknowledged that resignation is not generally available to members who have disciplinary matters pending, but found that Fry's request was a reasonable and compassionate solution given the particular circumstances of this case. The special master noted that if the Bar had proceeded promptly when it received notice of Fry's convictions, he would have been in a better position to defend himself and present evidence of mitigation while the matter was still fresh in everyone's minds. The special master considered that Fry is currently 64 years old, in ill health, and claims to have no current, active legal practice. The special master reasoned that Fry's proposed solution protects the public by ensuring that a lawyer convicted of a felony is no longer a member of the Bar, but also takes into account both the delay in the disciplinary process and the mitigating factors. Therefore, the special master recommended that the Court "accept [Fry's proposed] Resolution and dismiss this disciplinary case on the condition that [Fry] resign his membership in the State Bar of Georgia and waive any right to seek readmission in the future." As neither party has sought review by the Review Panel, both have waived any right to file exceptions with, or make

4

request for oral argument to, this Court, and the matter is ripe for review here. See Bar Rules 4-217, 4-219.

As an initial matter, the Bar is correct that an attorney who pleads guilty to a felony under Alford still commits a violation of Rule 8.4 (a) (2). See Bar Rule 4-106 (a) and (g) (providing for show-cause hearing for attorneys convicted of any felony "whether by verdict, plea of guilty, plea of nolo contendere or imposition of first offender probation" and noting that certified copy of imposition of first offender treatment shall be prima facie evidence of a violation of Rule 8.4); see also In the Matter of Davis, 292 Ga. 897, 897-898 and n. 1 (742 SE2d 734) (2013) (finding no error in special master's finding that a conviction based on an Alford plea amounts to a violation of 8.4 (a) (2)); In the Matter of Ortman, 289 Ga. 130 (709 SE2d 784) (2011) (same); In the Matter of Suttle, 288 Ga. 14 (701 SE2d 154) (2010) (same). And clearly the parties are correct that Fry's proposed resolution will permanently remove him from the rolls of attorneys authorized to practice law in Georgia. But, the specific discipline sought in this case is unusual, and while other states have (or have had) Bar Rules that allow an attorney with pending disciplinary cases to resign

5

from the Bar in lieu of defending those disciplinary matters,[2] all the parties acknowledge that Georgia's Bar Rules do not include any such provisions, but instead allow for the voluntary surrender of one's law license. See In the Matter of Atkins, 253 Ga. 319, 320 (320 SE2d 146) (1984) (an attorney may not escape disciplinary proceedings by simply resigning from the State Bar; resignation after initiation of disciplinary proceedings is not consistent with a voluntary surrender of license because there is no admission by attorney of acts complained of); but see In the Matter of Reed, 244 Ga. 612 (261 SE2d 398) (1979) (accepting voluntary resignation from the practice of law where Reed admitted that his bribery conviction violated Standard 3, which prohibited lawyers from engaging in illegal professional conduct involving moral turpitude). And while this Court has recognized that a "Disciplinary Resignation" in Florida — which included some admission of "guilt" with regard to alleged disciplinary rules violations — is the substantial equivalent to

---

[2] See, e.g., Fla. Bar v. Hale, 762 So2d 515 (2000) (disciplinary resignation is tantamount to disbarment and serves to dismiss all pending disciplinary cases); Fla. Bar Rule 3-7.12 (Disciplinary Resignation from the Florida Bar) (sunsetted 1/1/06); In re Bailey, 230 A.D.2d 471 (N.Y. App. Div. 1997) (quoting now rescinded N.Y. Comp. Codes R. & Regs. tit. 22, § 603.11 (a), which allowed an attorney who is "the subject of an investigation into allegations of misconduct or who is the subject of a disciplinary proceeding pending [to] submit [a] resignation" in lieu of disbarment).

Georgia's voluntary surrender of license, see In the Matter of Davidson, 269 Ga. 901 (506 SE2d 869) (1998), Fry is not requesting permission to voluntarily surrender his license in the face of pending disciplinary matters. In fact, he is not even admitting that he violated any disciplinary rule. Instead, he appears to be requesting that his professional record be scrubbed of any indications of disciplinary problems and that he be allowed to resign with a clear disciplinary record, presumably because his criminal record is "clear" as a result of the First Offender Act. And, although his criminal record is clear at the moment, Fry's guilty pleas to two counts of bribery, and his first offender convictions are matters of public record and could be used against him in the future if he commits additional criminal offenses, but his proposed resolution would leave his disciplinary record completely clean. Further, neither Fry's petition nor the special master's report and recommendation makes absolutely clear that Fry's commitment to refrain from seeking readmission to the practice of law would extend beyond Georgia to other jurisdictions, and if he chose to apply for admission in other jurisdictions in future years, he would be able to truthfully report that he has no disciplinary record in Georgia. See Bar Rule 4-224 (a), (e), (f) (governing expungement of dismissed disciplinary cases and allowing

7

attorney to omit reference to expunged cases when asked about prior complaints or discipline).

Moreover, the rationales for adopting this new and special rule for Fry's case are unavailing. Although Fry presumably is nearing "retirement age," and appears to have convinced the special master and the Bar of his ill health, this Court is not privy to his medical situation because the single letter filed under seal in this Court, see n. 1 supra, sheds no light on any current medical condition(s) faced by Fry, and any other medical records were not forwarded to this Court. And, although Fry has had to wait four years to learn whether and when the Bar intended to bring disciplinary action against him, the fact that he faced disbarment for his felony convictions should not have come as a surprise given the provisions of Bar Rule 4-106; the fact that the statute of limitations under Bar Rule 4-222 is four years on most Bar actions (although arguably there is no limitation on actions initiated under Bar Rule 4-106 on felony convictions as such actions are not initiated by the "Memorandum of Grievance" referenced in Bar Rule 4-222); and the fact that the record contains no evidence showing that the delay caused him any actual prejudice. Under these circumstances, the Court declines to create an alternative to the voluntary surrender of license

8

allowed under current Bar Rules. Therefore, the Court rejects Fry's "Petition for Voluntary Resolution" and remands this matter for further proceedings.

Petition for voluntary resolution rejected. All the Justices concur.


Decided March 30, 2017.

Petition for voluntary resolution.

James P. Theodocion, for Fry.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.