302 Ga. 370
FINAL COPY

S17Y1980.  IN THE MATTER OF DAVID WESLER FRY.

PER CURIAM.

This disciplinary matter is before the Court pursuant to the new report and recommendation of special master Joseph A. Boone following this Court's opinion rejecting an earlier request by Respondent David Wesler Fry (State Bar No. 278690) that he be allowed to resign his membership in the Georgia Bar, pursuant to Rule 1-208 of the State Bar's Governance Rules. See In the Matter of Fry, 300 Ga. 862 (800 SE2d 514) (2017). The special master now recommends that Fry be suspended for one year with conditions on his reinstatement, and represents that all parties have consented to this resolution. We, however, find this resolution to be too lenient under the circumstances of this matter, and we order that Fry be disbarred.

As set out in the earlier opinion, in March 2012, in the Superior Court of Richmond County, Georgia, Fry entered a guilty plea under North Carolina v. Alford, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970), and the First Offender

Act, see OCGA § 42-8-60, to two felony counts of bribery of county commissioners. He was sentenced to five years probation on each count to be served concurrently. Fry's probation was terminated in October 2016, and he was discharged without an adjudication of guilt, as is allowed by the First Offender Act, see OCGA § 42-8-60 (e). Although the State Bar received a certified copy of Fry's convictions in 2012, the Bar failed to act on those convictions until 2016 when it initiated this disciplinary matter.

Initially, Fry agreed that if the disciplinary matter was dismissed, he would then "resign" his Bar membership and would not seek reinstatement to the State Bar of Georgia. Although the State Bar had no objection to that unusual resolution, this Court rejected it, noting that Georgia's Bar Rules do not allow for dismissal/resignation in the face of an unresolved disciplinary matter; that the accepted method in Georgia for the cessation of a law practice in exchange for the resolution of a pending disciplinary matter would be through the voluntary surrender of one's license; and that Fry had not presented this Court with sufficient evidence or policy support for creating an alternative to that standard practice. See Fry, 300 Ga. at 865-866. The Court remanded the matter for further proceedings.

After remand, the special master held a hearing at which Fry testified and presented evidence. The special master then issued his report and recommendation in which he found that, by virtue of his plea, Fry had violated Rule 8.4 (a) (2), see Bar Rule 4-102 (d), the maximum penalty for which is disbarment. The special master found, in aggravation of punishment, that Fry was a long-term, experienced member of the Bar and, in mitigation, that Fry lacked a prior disciplinary history; that he suffered personal and emotional problems; and that there was delay in the disciplinary process. See Standard 9.32 of the American Bar Association's Standards for Imposing Lawyer Sanctions. The special master also acknowledged an affidavit from the judge who accepted Fry's guilty plea attesting to Fry's good character and to Fry's successful participation in the mental health court program following his plea. Noting that this case involved no potential or actual injury to a client in the traditional sense, the special master nevertheless recognized that there had been a violation of the ethical standards of the legal profession and recommended that Fry be suspended from the practice of law for a minimum term of one year, with his reinstatement conditioned on his providing the State Bar with an acceptable written certification from a licensed psychologist or psychiatrist stating that Fry

3

is mentally competent to return to the practice of law. Both Fry and the State Bar agreed with his recommendation, and neither side has filed exceptions.

After consideration of the record in this case, the Court finds that the discipline recommended by the special master is an unacceptable sanction in this matter. It is true that the "primary purpose of a disciplinary action is to protect the public from attorneys who are not qualified to practice law due to incompetence or unprofessional conduct." In the Matter of Skandalakis, 279 Ga. 865, 866 (621 SE2d 750) (2005) ("disbarment is the typical discipline imposed in cases . . . where a lawyer engages in criminal conduct involving interference with the administration of justice, false swearing, misrepresentation, or fraud"). Another important purpose, however, involves the protection of the public's confidence in the legal system. In the Matter of Blitch, 288 Ga. 690, 692 (706 SE2d 461) (2011). In this case, Fry committed more than one felony by bribing public officials. Moreover, Fry has shown no remorse for his crimes. His acts not only indicate that he is unqualified to practice law due to unprofessional conduct, but they also gravely denigrate public confidence in the legal system. Despite the Bar's slow prosecution of this case, Fry's conduct must be met with strong discipline, not merely a one-year suspension. See, e.g., In the Matter of

4

<u>Csehy</u>, 296 Ga. 492 (769 SE2d 93) (2015) (lawyer disbarred for felonies involving drug and gun possession); <u>In the Matter of Hutto</u>, 292 Ga. 556 (739 SE2d 385) (2013) (lawyer disbarred for withholding information of crime); <u>In the Matter of Vickers</u>, 291 Ga. 354 (729 SE2d 355) (2012) (lawyer disbarred for felony charges of fraud). Accordingly, we hereby order that David Wesler Fry be disbarred and that his name be stricken from the roll of attorneys licensed to practice law in this State. Fry is reminded of his duties under Bar Rule 4-219 (c).

<u>Disbarred. All the Justices concur</u>.

Decided October 16, 2017.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.

James P. Theodocion, for Fry.