303 Ga. 293
FINAL COPY

S18Y0383.  IN THE MATTER OF ANDRE KEITH SANDERS.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the Review Panel, which recommends that this Court impose upon Andre Keith Sanders (State Bar No. 625241) a five-year suspension, with conditions on reinstatement, as reciprocal discipline following the imposition of a "Disciplinary Revocation of Admission" to practice in Florida.  As recounted by the Review Panel, Sanders, who has been a member of the Georgia Bar since 1972, was the subject of numerous disciplinary matters in Florida, principally but not exclusively related to fraudulent debt collection practices.  In response, Sanders filed a Petition for Disciplinary Revocation with Leave to Apply for Readmission, pursuant to Rule 3-7.12 of the rules regulating the Florida Bar. The Florida Supreme Court accepted Sanders's petition, imposing the disciplinary revocation, which it noted is tantamount to disbarment, with leave to seek readmission after five years. As a result of the imposition of this sanction by the Florida courts, the Georgia Bar initiated reciprocal discipline proceedings

against Sanders; although Sanders acknowledged service of the reciprocal disciplinary matter, he has not filed a responsive pleading either below or before this Court, rendering him in default.

Given Sanders's default, the sole question before this Court in evaluating this matter is, as it was in the proceedings before the Review Panel, the appropriateness of the imposition of reciprocal discipline here. In addressing this question, the Review Panel noted that Florida's Rule 3-7.12 does not require an admission of misconduct but does require an acknowledgment by the respondent of a pending investigation, and moreover that the Florida Supreme Court has held that disciplinary revocation is tantamount to disbarment. The Review Panel acknowledged that Georgia's Rules do not have a provision allowing for an attorney with a pending disciplinary matter to resign his license without a finding or admission of misconduct, and further noted that several provisions of the Georgia Rules seem to point to the importance of a finding or admission of misconduct to the resolution of the disciplinary matter — namely Rules 4-227 (a), 9.4 (b) (5), and 9.4 (b) (3). The Review Panel concluded, however, that Florida's disciplinary revocation procedure was otherwise "essentially identical to a petition for voluntary discipline in Georgia requesting either disbarment or

2

a lengthy suspension with readmission based on compliance with rules regulating admission to the bar." Based on these considerations, the Review Panel concluded that the disciplinary revocation procedure was sufficient to warrant the imposition of reciprocal discipline and recommended as sufficiently similar reciprocal discipline a five-year suspension, with reinstatement in Georgia conditioned on proof of compliance with the Florida Rules relating to admission to the Bar and reinstatement to practice in Florida.

Our review of the record and the relevant law reveals that the Review Panel was correct in reaching its conclusion regarding the applicability of the reciprocal discipline procedure to the discipline imposed on Sanders by the Florida court. This Court has previously recognized that "a 'Disciplinary Resignation' in Florida — which included some admission of 'guilt' with regard to alleged disciplinary rules violations — is the substantial equivalent to Georgia's voluntary surrender of license." In the Matter of Fry, 300 Ga. 862, 865 (800 SE2d 514) (2017), citing In the Matter of Davidson, 269 Ga. 901 (506 SE2d 869) (1998). According to the official comment to Rule 3-7.12 of the Florida Rules, the disciplinary revocation rule under which Sanders proceeded in the Florida matter giving rise to this case replaced the earlier "disciplinary

3

resignation" rule, but nonetheless is "tantamount to disbarment." In rejecting the "Petition for Voluntary Resolution," filed by the respondent in Fry in order to resign his license to practice law in Georgia, this Court noted Fry's intention to resign without admitting his violation of the disciplinary rules of the Georgia Bar, contrasting this with its prior acceptance of the Florida "disciplinary resignation" procedure, which "included some admission of 'guilt' with regard to alleged disciplinary rules violations," as the substantial equivalent to Georgia's voluntary surrender of license procedure. Fry, 300 Ga. at 865.

Our acceptance of a resignation procedure in Davidson, together with our rejection of a resignation procedure in Fry, could be read to suggest that the presence (Davidson) or absence (Fry) of an admission of guilt as part of the resignation procedure is determinative of whether that procedure is sufficiently similar to discipline available under the Georgia Rules. However, the circumstances in Fry differed materially from those present in this case, as to the purpose and effect of the resignation of license.[1] In Fry, we noted that "Fry is not

---

[1] One of the other differences between Fry and Davidson is that Davidson arose, as does this case, from a petition for reciprocal discipline, whereas Fry involved the question of whether this Court should adopt a resignation procedure for a violation of the Georgia Disciplinary Rules. However, that difference was not dispositive of the result in Fry, and the different inquiries are actually relevantly similar insofar as both concerned whether the resignation procedure at issue was consonant with general principles of Georgia's disciplinary law.

requesting permission to voluntarily surrender his license in the face of pending disciplinary matters . . . [i]nstead, he appears to be requesting that his professional record be scrubbed of any indications of disciplinary problems and that he be allowed to resign with a clear disciplinary record[.]" Id. We further noted that, should Fry have "chose[n] to apply for admission in other jurisdictions in future years, he would be able to truthfully report that he has no disciplinary record in Georgia." Id. By contrast, the acceptance of this petition for reciprocal discipline would not result in any such "scrubbing," as Sanders's Georgia disciplinary record would reflect his suspension for this matter. Thus, as the procedure under which Sanders was sanctioned in Florida is tantamount to disbarment, and as the considerations motivating this Court's rejection of the petition in Fry because of the lack of an admission of guilt are not present here, the imposition of reciprocal discipline is appropriate in this matter.

Therefore, this Court agrees with the Review Panel's recommendation that a five-year suspension with conditions on readmission is the appropriate sanction in this reciprocal discipline matter. Accordingly, we direct that Andre Keith Sanders be suspended from the practice of law in the State of Georgia for five years. At the conclusion of the suspension imposed in this matter, if Sanders

5

wishes to seek reinstatement, he must offer proof to the State Bar's Office of General Counsel that he is eligible to be or has been reinstated to the practice of law in Florida. If the State Bar agrees that this condition has been met, the State Bar will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement.

Sanders is reminded of his duties under Bar Rule 4-219 (c).

Five-year suspension with conditions for reinstatement. All the Justices concur.

Decided March 5, 2018.

Suspension.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar, for State Bar of

6

Georgia.