## S96Y0670. IN THE MATTER OF PATRICK L. SWINDALL.
(468 SE2d 372)

PER CURIAM.

This disciplinary proceeding presents the question of whether disbarment is appropriate, under the circumstances of this case, following termination of an attorney's appeal rights from felony convic-

tions for perjury. Because disbarment is generally appropriate where an attorney has been convicted of a felony involving fraud, absent mitigating circumstances not present here, we order that Patrick L. Swindall be disbarred from the practice of law.

Following his convictions in the United States District Court for the Northern District of Georgia on nine counts of perjury in relation to his testimony before a grand jury,[1] and pending his appeals, this Court accepted Swindall's petition for voluntary suspension of his license to practice law, based on his violation of Standard 66 of Bar Rule 4-102.[2] The United States Court of Appeals for the Eleventh Circuit affirmed six of the convictions. It reversed three convictions under the Speech and Debate privilege which applied because during the time relevant to the Grand Jury's investigation Swindall was serving as a United States Congressman. Subsequently, the State Bar petitioned the special master for a hearing under Bar Rule 4-106 (f) (1), requesting that Swindall be disbarred.

The special master and review panel recommend disbarment, rejecting Swindall's contention that he should be permitted to resume the practice of law under the circumstances of his case, which, he argues, include: that he is innocent of some or all of the crimes of which he was convicted; that he has never been charged with or convicted of any other crimes, nor been the subject of any other disciplinary proceedings; that the violations of which he was convicted were unconnected with his law practice; and that he and his family have been punished sufficiently as a result of the criminal convictions.

In determining the appropriate sanction to impose, we look to the American Bar Association's Standards for Imposing Lawyer Sanctions for guidance.[3] Swindall's perjury convictions constitute violations of duties owed to the public, in particular, the failure to maintain personal integrity.[4] The ABA recommends disbarment in cases such as this, where a lawyer engages in criminal conduct a necessary element of which includes interference with the administration of justice, false swearing, misrepresentation, or fraud.[5] This recommendation is consistent with discipline this Court has imposed in similar cases based on convictions for criminal offenses involving fraud.[6]

---

[1] Swindall was convicted of nine counts of violating 18 USC § 1623, making false material declarations before a grand jury.

[2] *In the Matter of Swindall*, 259 Ga. 585 (387 SE2d 893) (1989).

[3] ABA Standards for Imposing Lawyer Sanctions (1991). See *In the Matter of Lenoir*, 265 Ga. 403 (456 SE2d 584) (1995).

[4] ABA Standard 5.1.

[5] ABA Standard 5.11 (a).

[6] *In the Matter of Cox*, 265 Ga. 676 (461 SE2d 873) (1995) (convictions of three counts of conspiring and conducting transactions disguising proceeds of an unlawful activity in violation of Title 18 of the U. S. Code); *In the Matter of Boswell*, 261 Ga. 539 (407 SE2d 759) (1991) (convictions of two counts each of first and second degree forgery).

While this Court on rare occasions has ordered discipline less than disbarment in such cases, we find insufficient mitigating circumstances in this case authorizing a lesser sanction.[7] Further, there are aggravating factors in this case, including Swindall's dishonest motive, pattern of misconduct, multiple offenses, and refusal to acknowledge the wrongful nature of his conduct, all of which militate in favor of greater discipline.[8] Finally, we note that Swindall's violations warrant a severe level of discipline in light of the fact that he occupied a public office in which he discharged public responsibility. Accordingly, we order that Swindall be disbarred and that his name be stricken from the roll of attorneys licensed to practice law in this state. He is reminded of his obligations to protect the interests of his clients as well as to comply fully with all requirements of Bar Rule 4-219 (c) (1) and (2).

*Disbarred. All the Justices concur.*

DECIDED APRIL 8, 1996.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Alston & Bird, C. David Butler,* for Swindall.

---

[7] Compare *In the Matter of Chambers,* 264 Ga. 317 (444 SE2d 313) (1994) (substance impairment); *In the Matter of Lanford,* 260 Ga. 408 (396 SE2d 228) (1990) (substance impairment); *In the Matter of Roberts,* 259 Ga. 267 (380 SE2d 51) (1989) (letter of recommendation from federal district judge who presided over Respondent's trials stating his belief that Respondent's conviction was an isolated occurrence and that he was otherwise of good moral character).

[8] See ABA Standard 9.22 (b), (c), (d), (f) and (g).