S97Y0199. IN THE MATTER OF LINELL A. BAILEY.
(478 SE2d 131)

PER CURIAM.

On April 14, 1995, this Court vacated its previous order disbarring Linell A. Bailey, suspended him pending further order, and remanded to the special master for consideration of evidence of psychological impairment on the question of the appropriate sanction. Prior to the special master's report on remand, Bailey filed a petition for voluntary discipline encompassing the matter on remand, as well as three additional disciplinary matters. In his petition, Bailey requests that his license to practice law be suspended indefinitely until he complies with certain conditions. We have reviewed the record and, in light of the mitigating factors and the conditions for reinstatement, agree with the recommendations of the special master and review panel to accept Bailey's petition.

Bailey's petition incorporates four separate disciplinary matters, all initiated by client grievances, three of which proceeded to the Investigative Panel's issuance of a Notice of Discipline. In the matter that is the subject of this Court's remand, State Disciplinary Board Docket Number 2727, Bailey admits violating Standards 44 (abandoning a client matter), 22 (b) (failing to follow requirements regarding withdrawal from employment), and 68 (failing to respond to disciplinary authorities) of Bar Rule 4-102 (d). After agreeing to represent his client in a personal injury matter, he failed to file suit on her behalf before the statute of limitation had expired, maintain adequate communication with her, return the client's file after she had discharged Bailey, and take reasonable steps to avoid foreseeable

prejudice to his client on his withdrawal from representation. In addition, Bailey admits violating Standards 44, 22 (b), and 68 in Number 3065; Standards 44 and 68 in Number 3168; and Standards 44 and 22 (b) in the final matter included in his petition.

In mitigation, Bailey shows that he has been diagnosed as suffering from major depression and is currently undergoing rehabilitation and treatment with a psychiatrist; that he has cooperated with counsel for the State Bar and acknowledges the wrongful nature of his conduct; that his actions were not motivated by self-interest but were the result of his emotional problems; that the four grievances were filed during the same time frame; that prior to his depression Bailey was a well-respected member of the profession, active in community affairs; and that he has been suspended from the practice of law since February 1995. We agree that the foregoing are mitigating factors. See ABA Standards for Imposing Lawyer Sanctions (1991), Standard 9.32.

Having reviewed the record, we order that Bailey's suspension of his license to the practice of law in this state continue indefinitely. This suspension shall be lifted only upon his compliance with the following conditions, to which Bailey agrees in his petition: (1) he obtain a favorable determination from the Lawyer Impairment Program that he is fit to resume the practice of law; (2) he pay restitution to the clients in the matters included in his petition; and (3) he successfully complete the State Bar of Georgia's Ethics School. Prior to reinstatement, the General Counsel's Office shall certify that Bailey has complied with these conditions of reinstatement. Finally, we note that Bailey has agreed that six months after he resumes the practice of law he will request an evaluation from the Law Practice Management Program of the State Bar, pay for and complete a full assessment, and comply with the Program's recommendations.

*Indefinite suspension with reinstatement on conditions. All the Justices concur.*

DECIDED DECEMBER 5, 1996.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Lissner, Killian, Cunningham & Boyd, Robert P. Killian, Bell & James, John C. Bell, Jr.,* for Bailey.