## S00Y1585. IN THE MATTER OF JED LAURENCE SILVER.

(545 SE2d 886)

PER CURIAM.

This disciplinary matter is before the Court on the special master's report recommending that Respondent Jed Laurence Silver be suspended for two years with conditions on reinstatement for his violation of Standard 66 of Bar Rule 4-102 (d) (conviction of any felony or misdemeanor involving moral turpitude). A plea of nolo contendere constitutes a conviction for purposes of the standard. Respondent entered a plea of nolo contendere in the State Court of Fulton County to one count of a violation of OCGA § 33-24-53 (a) providing in pertinent part that

> [i]n a claim arising out of a motor vehicle accident, a lawyer shall not compensate or give anything of value to a person or organization to recommend or secure his employment by a client, or as a reward for having made a recommendation resulting in his employment by a client. . . .

"Any person who violates any provision of this Code section shall be guilty of a misdemeanor involving moral turpitude." OCGA § 33-24-53 (e). After the State Bar filed a Petition for Appointment of Special Master alleging that Silver entered the plea of nolo contendere, a show cause hearing was held before the special master on August 9, 2000. See Bar Rule 4-106. Both parties submitted documentary evidence and testimony at the hearing. On January 24, 2001, the special master issued his report which was filed with the disciplinary record in this Court by the State Bar on February 15, 2001. Pursuant to Bar Rule 4-106 (e), upon the timely filing of the special master's recommendation, this Court is empowered to order such discipline as deemed appropriate.

In his report, the special master made the following findings of fact: Silver, who was admitted to the State Bar of Georgia in 1988, practiced with the firm of Freidberg, Stein and Goldstein from the time of his admission to practice law. He became a partner in 1992

and an equity partner in 1994. Prior to Silver's arriving at the firm, the firm developed a practice of paying compensation to non-lawyer individuals, commonly known as runners, for the referral of clients to the firm. Silver was aware of the practice while he was an associate and a partner, but there was some dispute in the evidence as to the level of Silver's direct participation in the payment of runners and in his acceptance and advocacy of the use and payment of runners. Silver, his former secretary, and an administrative manager of the firm testified that Silver never paid runners and was upset by the firm's use of runners. Two firm partners, however, testified that Silver supported and advocated the use of runners during firm meetings and may have paid runners directly, although neither partner observed such payments. It was undisputed that Silver knew of the payments and that the payments violated State Bar rules and Georgia law. As a partner in the firm, he received and accepted the financial benefits from the cases referred by runners.

In April 1999, a federal grand jury subpoenaed documents from the firm and firm partners relating to the use and payment of runners. During the grand jury investigation, Silver entered an agreement with the United States Attorney's Office in which he agreed to cooperate completely in the federal investigation and to admit the essential elements of one count of a violation of OCGA § 33-24-53 in return for which he would not be prosecuted for any federal criminal offenses based on his involvement in the use of paid runners. In May 1999, Silver withdrew from the law firm and filed a claim for disability alleging that he was unable to perform any of the duties of his occupation because of severe depression. At the show cause hearing, Silver submitted a letter from his physician stating that Silver had been treated for a combination of severe depression and panic disorder since November 1995 and that his condition had worsened to the point of his being disabled to practice law. Silver has not practiced law since May of 1999. The special master concluded that Silver's plea of nolo contendere to a violation of OCGA § 33-24-53 constituted a misdemeanor conviction involving moral turpitude in violation of Standard 66.

Based on our review of the record, we find that the evidence supports the special master's conclusions and recommendation. Although a violation of Standard 66 is punishable by disbarment, we note, in mitigation of discipline, that Silver had no prior disciplinary record. Also, he expressed sincere remorse over his actions and submitted substantial evidence of good character and reputation from former clients, former co-workers, and lawyer acquaintances. He cooperated fully with federal authorities in their investigation and with the State Bar in its disciplinary investigation and he was punished for his violation of OCGA § 33-24-53. Respondent agreed to

cooperate fully with the Internal Revenue Service for the payment of all taxes, penalties and interest that he owes because of the firm's involvement in the payment of runners. In aggravation of discipline, we note that Silver's conduct was the result of a selfish motive in that he received financial benefits from the use of runners. Although Silver entered a plea of nolo contendere to one count involving the payment of runners, the course of conduct of the firm and Silver's benefits from that conduct span many events and many years. See *In the Matter of Acree*, 269 Ga. 57 (495 SE2d 293) (1998); *In the Matter of Kennedy*, 268 Ga. 751 (493 SE2d 705) (1997); *In the Matter of Williams*, 266 Ga. 132 (464 SE2d 816) (1996); *In the Matter of Bruton*, 254 Ga. 466 (330 SE2d 595) (1985); and *In the Matter of Nicholson*, 243 Ga. 803 (257 SE2d 195) (1979).

Accordingly, Respondent Jed Laurence Silver hereby is suspended from the practice of law in this State for a period of two years from the date of this opinion. Prior to reinstatement, Silver must obtain a determination from the State Bar Committee on Lawyer Impairment that he is competent to resume the practice of law. Silver is reminded of his duties under Bar Rule 4-219 (c).

*Two-year suspension with conditions on reinstatement. All the Justices concur.*

DECIDED APRIL 30, 2001.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Bondurant, Mixson & Elmore, Jeffrey O. Bramlett*, for Silver.