S02Y0745. IN THE MATTER OF THOMAS EUGENE STEWART.
(563 SE2d 859)

PER CURIAM.

This disciplinary matter is before the Court on the special master's report recommending that Respondent Thomas Eugene Stewart be suspended from the practice of law for 12 months under Rule 8.4 (a) (3) of the Georgia Rules of Professional Conduct. That rule provides that a conviction of a misdemeanor involving moral turpitude where the underlying conduct relates to the lawyer's fitness to practice law constitutes a violation of the Rules of Professional Conduct. After reviewing the record, we conclude that an 18 month suspension is the appropriate sanction in this case.

The Special Master's findings of fact show that Stewart began

---

his legal career in 1995, after a 20-year exemplary military career with the United States Army. He practices primarily criminal defense work in Henry and Butts County and has been active in the formation of an indigent defense system in Henry County.

Detective Kevin Thomas of the McDonough Police Department referred his friend Tara Brown to Stewart for representation in her divorce action. Brown was nine months pregnant and unable to work, and her fiancé was in jail. The detective, who was also a friend of Stewart's, suggested to Stewart that he represent Brown in her uncontested divorce in exchange for sexual favors. Stewart and Brown had telephone conversations in which they discussed the divorce and a sexual relationship. Brown then decided she would not hire Stewart and contacted Judge Hayes of Henry County about the sexual nature of the discussions with Stewart. As a result of this conversation, undercover police officers set up a recording device on Brown's telephone and in her home. Brown continued to have telephone conversations with Stewart and he ultimately agreed to represent her in her uncontested divorce in exchange for sexual encounters. Brown and Stewart never engaged in any sexual activity and Stewart never represented Brown in her divorce. Stewart was arrested and pled guilty to a misdemeanor charge of solicitation of sodomy. His license to practice law was suspended upon the entry of his guilty plea. Brown subsequently filed a civil suit against Stewart.

Based on these facts, we agree that discipline under Rule 8.4 is appropriate. The maximum punishment for a violation of this rule is disbarment and this Court has previously stressed to the bar that extramarital relationships with clients are inappropriate. See *In the Matter of Lewis*, 262 Ga. 37 (415 SE2d 173) (1992). However, in this case the Special Master found significant mitigating circumstances, including the fact that no sexual activity occurred and Stewart did not pressure Brown, but instead repeatedly suggested that they forget the matter. Additionally, Stewart participated in counseling, acknowledged the wrongfulness of his conduct, and showed remorse. Also, Stewart has received a criminal sanction and punishment for his conduct. Finally, prior to this incident, Stewart had an excellent reputation in the legal community and had no prior disciplinary infractions.

We agree with the Special Master's conclusion that mitigating factors predominate; however, we conclude that the conduct warrants a suspension of 18 months, commencing from May 11, 2001, the date on which the trial court suspended Stewart's license.

*Suspension. All the Justices concur, except Hunstein, J., who dissents.*

DECIDED MAY 13, 2002.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.
*James E. Spence, Jr.*, for Stewart.