S03Y1653, S03Y1654, S03Y1655. IN THE MATTER OF LINELL A. BAILEY (three cases).
(587 SE2d 59)

PER CURIAM.

These three disciplinary matters are before the Court pursuant to the consolidated Report and Recommendation ("R&R") of a special master who was appointed following the filing of Formal Complaints by the State Bar on three separate disciplinary matters, each of which involved abandonment of a client's legal matter. The Formal Complaints alleged, and the special master found, that Bailey repeatedly violated Rules 1.3, 1.4, and 9.3 of Bar Rule 4-102 (d) and that, in one case, Bailey also violated Rule 1.15 (I) of Bar Rule 4-102 (d). A violation of Rule 1.3 or 1.15 (I) may be punished by disbarment, while a violation of Rule 1.4 or 9.3 may be punished by public reprimand. The special master recommends that disbarment is the appropriate sanction for Bailey's violations. We agree.

Despite being personally served with the Formal Complaints, Bailey, who has been a member of the Bar since 1986, failed to

respond timely and the facts described below are deemed admitted under Bar Rule 4-212 (a).

In Case No. S03Y1653, Bailey agreed to defend a client in a criminal charge and accepted two rare coins from the client for use as demonstrative evidence in the case. After a jury convicted the client in November 2001, Bailey agreed to continue his representation of the client. Although Bailey filed a motion for new trial, he failed to inform his client of this action and made no effort to schedule a hearing on the motion; to order a transcript of the trial; or to respond to the client's numerous written and telephonic inquiries about the status of his case. Eventually, the trial court ordered replacement counsel for the client but Bailey now claims to be unable to find the client's rare coins. Based on these admitted facts, the special master found that Bailey had violated Rules 1.3, 1.4, 1.15 (I), and 9.3.

In Case No. S03Y1654, a client retained Bailey in the late 1990s to represent her in an employment discrimination claim against her employer. Although she provided Bailey with the information necessary to file her suit and signed several documents during her visit with Bailey, the client never received a copy of the documents. Initially, Bailey responded to the client's inquiries about the status of her case assuring her that he was involved in settlement discussions with the former employer. In 2001, however, Bailey ceased all communication with the client, and it now appears that Bailey never filed suit or even initiated contact with the client's former employer and the statute of limitation has now run on the client's claim. Bailey failed to respond to inquiries from the Office of the General Counsel regarding its investigation into this grievance and failed to respond to the Notice of Investigation or the Formal Complaint, despite being personally served with both documents. Based on these admitted facts, the special master found that Bailey had violated Rules 1.3, 1.4, and 9.3.

In Case No. S03Y1655, Bailey handled a divorce for a client in 1994 and agreed to continue in that capacity to assist in determining a method to divide marital property as required by the divorce decree. Despite the client's repeated requests, Bailey failed to submit a plan for division and failed to seek correction of the final divorce decree which inexplicably excluded several provisions favorable to the client and her children, including one that required the client's ex-husband to maintain a $50,000 life insurance policy for the benefit of the couple's children and one that required division of the husband's pension to benefit the client. Bailey then filed a motion for contempt against the client's ex-husband for his failure to comply with the provisions of the divorce decree and told the client that the motion was set for a hearing on September 25, 2001. When the client arrived at the courthouse that day, she was told that the motion had

not been set for a hearing. Bailey has not taken any action on the client's behalf since November 2001, and ceased communications with her in October 2001. Bailey's failures in this case contributed to the loss of the client's home through foreclosure. As in the other cases, Bailey failed to respond to inquiries from the Office of the General Counsel regarding its investigation into the client's grievance and failed to respond to the Notice of Investigation or the Formal Complaint, despite being personally served with both documents. Based on these admitted facts, the special master found that Bailey had violated Rules 1.3, 1.4, and 9.3.

Based on all the facts recited above, we have determined that disbarment is the appropriate disciplinary sanction for Bailey's violations. We note in aggravation (1) that Bailey engaged in a pattern of neglect which caused serious injury to his clients; (2) that he has a significant prior disciplinary history including a suspension for similar misconduct in 1996, see *In the Matter of Bailey*, 267 Ga. 370 (478 SE2d 131) (1996), two Formal Letters of Admonition on separate disciplinary matters (one in 1992 and a second in 2001) and an investigative panel reprimand in 2000; and (3) that he has been charged with multiple offenses in this disciplinary matter. We find no factors in mitigation and therefore we believe that the facts in this case support the imposition of a significant sanction for the violations shown herein. See also Bar Rule 4-103. Accordingly, Linell A. Bailey hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred.* ▆▆▆▆▆▆▆▆▆

DECIDED OCTOBER 6, 2003.

▆▆▆▆▆▆

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Deputy General Counsel State Bar*, for State Bar of Georgia.