S05Y0898. IN THE MATTER OF D. JOHN SKANDALAKIS.

(621 SE2d 750)

Per curiam.

This disciplinary matter is before the Court pursuant to the report and recommendation of a special master appointed pursuant to Bar Rule 4-106 (e). The special master recommends disbarring Respondent D. John Skandalakis for his violation of Rule 8.4 (a) (2) of Bar Rule 4-102 (d).[1] Because we agree that disbarment is the appropriate sanction for Respondent's conduct, we adopt the special master's report and recommendation.

1. Relying on Bar Rule 4-213 (a), Skandalakis contends that the special master erred by failing to have the hearing on his disciplinary action "stenographically reported."[2] Bar Rule 4-213 (a), however, applies only to hearings that arise from the filing of a formal complaint by the State Bar, and Skandalakis's hearing was a show cause hearing under Bar Rule 4-106 (a)[3] following his conviction of a felony.

---

[1] In the State Bar's initial petition for the appointment of a special master, it alleged that Skandalakis had violated Bar Rule 8.4 (a) (3) (violation of rules of professional conduct to be convicted of a misdemeanor involving moral turpitude). The petition, however, also alleged that Skandalakis had pled guilty in federal court to a felony, specified the felony, and specified that the plea to the felony constituted a violation of State Bar rules. Thus, despite the incorrect designation of Rule 8.4 (a) (3), Skandalakis was properly apprised of the allegation against which he would have to defend, and the State Bar was properly permitted to amend its petition to designate Bar Rule 8.4 (a) (2) as the rule that Skandalakis had allegedly violated. See *Rank v. State*, 179 Ga. App. 28 (1) (345 SE2d 75) (1986).

[2] Bar Rule 4-213 (a) provides, in relevant part, as follows:

Within ninety (90) days after the filing of respondent's answer to the formal complaint or the time for filing of the answer, whichever is later, the special master shall proceed to hear the case. The evidentiary hearing shall be stenographically reported and may be transcribed at the request and expense of the requesting party.

[3] Bar Rule 4-106 (a) provides that, after receiving information that an attorney has been convicted of a felony, the State Bar "shall immediately assign the matter a State Disciplinary Board docket number and petition the Georgia Supreme Court for the appointment of a special master to conduct a show cause hearing."

Although it might be the best practice for special masters to stenographically report show cause hearings held under Bar Rule 4-106, the rule does not require special masters to do so. Accordingly, in this case, the special master did not err in failing to have Skandalakis's hearing stenographically reported.[4]

2. On February 13, 2004, Skandalakis, who has been a member of the State Bar since 1982 and who served, for a time, on the Fulton County Commission, pled guilty in the United States District Court for the Northern District of Georgia to one felony count of making a false statement in violation of 18 USC § 1001. By his plea Skandalakis admitted to having knowingly and willingly made a false statement to an agent of the FBI who was investigating corruption in the Fulton County government. During the investigation, Respondent was asked by the agent if he had participated in a vote by the Commission to approve a contract between Fulton County and a proposed vendor at a time when the vendor was confidentially paying Respondent as a "consultant." Although Respondent asserted that he "did not know" whether he voted on the contract, he now admits that his statement was false and that he knew it to be false when he made it. Respondent's conviction clearly constitutes a violation of Rule 8.4 (a) (2) the maximum, and typical, penalty for which is disbarment.

While "the primary purpose of a disciplinary action is to protect the public from attorneys who are not qualified to practice law due to incompetence or unprofessional conduct," see *In the Matter of Brooks*, 264 Ga. 583 (449 SE2d 87) (1994), this Court is also concerned generally about the public's confidence in the profession. We decide each case on its own facts. *In the Matter of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981).

Without question, disbarment is the typical discipline imposed in cases such as this, where a lawyer engages in criminal conduct involving interference with the administration of justice, false swearing, misrepresentation, or fraud. *In the Matter of Swindall*, 266 Ga. 553 (468 SE2d 372) (1996). Although this Court occasionally has ordered discipline less than disbarment in such cases, those cases involve mitigating circumstances which favor a lesser sanction. Here, Respondent argues that suspension is the appropriate discipline because he has no prior disciplinary history; he displayed a cooperative attitude toward the proceedings; he has suffered from other penalties and sanctions for his conduct; he accepts responsibility for his actions and is remorseful; his wrongdoing resulted in no specific harm to a client; and his conviction stemmed from an isolated incident rather than a pattern of misconduct. We find, however, that

---

[4] In this regard, we note that Skandalakis could have had the proceedings transcribed.

those factors in mitigation are outweighed by the facts that Skandalakis knowingly and wilfully lied in an attempt to avoid being held accountable for a breach of his public trust; that his lie was for a dishonest and selfish motive; that his plea arose out of his actions as an elected public official; and that he appears to have breached the public trust not only by voting on the contract when he harbored a conflict of interest, but also by making a false statement about his vote.

For these reasons, we find that Skandalakis's violation warrants a severe level of discipline. Accordingly, we order that Skandalakis be disbarred and that his name be stricken from the rolls of attorneys licensed to practice law in this state. He is reminded of his obligations under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur, except Carley, J., who is disqualified.*

DECIDED NOVEMBER 7, 2005.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.
*D. Lake Rumsey, Jr.,* for Skandalakis.