S06Y0510. IN THE MATTER OF TRAVERS W. PAINE III.
(625 SE2d 768)

PER CURIAM.

This disciplinary matter is before the Court on the Recommendation and Report of the Special Master recommending that Respondent Travers W. Paine III be suspended from the practice of law until his probation on a felony conviction is terminated, but not for a period of fewer than 20 months. Bar Rule 4-106 (e). Paine has filed an exception to the special master's report asking this Court to suspend him from the practice of law for the length of his probation, but for a minimum time which was substantially shorter than 20 months.

In his report, the special master found that Paine, who has been a member of the State Bar since 1973, entered a plea of guilty to a single violation of 18 USC § 1516, a felony, on December 8, 2003, in the United States District Court for the District of South Carolina, Greenville Division, that on November 15, 2004, Paine was sentenced to three years on probation, plus community service, fines and restitution, and that the entry of judgment on this plea constituted a violation of Rule 8.4 (a) (2) of Bar Rule 4-102 (d), of the Georgia Rules of Professional Conduct. The maximum penalty for a violation of Rule 8.4 (a) (2) is disbarment.

In the underlying criminal action, Paine was indicted as a co-conspirator along with multiple other defendants for healthcare

fraud arising out of the operation of a healthcare company in which Paine held, through a closely held corporation, a 40% interest. The government alleged, in part, that the defendants engaged in a scheme whereby the company fraudulently obtained Medicare reimbursement for profits earned in transactions with its healthcare clients, all of which were prohibited "related parties." Eventually, Paine agreed to plead guilty to a single count of the less serious felony offense of obstruction of a federal audit. He asserted that his plea was factually based on an isolated incident that occurred in July 1998 when he reviewed but did not prevent the submission of a letter drafted by the company's president in response to a request for information received from Medicare's fiscal intermediary for the company, which was also auditing the company. The letter identified more entities as the company's clients than actually existed for the purpose of making it appear to Medicare that the existing clients were not "related parties" to whom reimbursement of profit was prohibited. Paine asserted that he did not understand the president's dishonest purpose at the time the letter was sent; that he had no responsibility for responding to the fiscal intermediary's letter; that he had no contact with the auditor; and that even the president admitted that after reviewing the letter, Paine did not directly approve the fraud, but merely sidestepped the issue of whether the list of client names contained in the letter was accurate by disclaiming knowledge of the company's clients and advising the president to ask someone with superior knowledge to review the list of names. Paine asserted, in effect, that he is innocent of any criminal intent, but that he nevertheless entered a plea of guilty to the lesser offense because it was explained to him that in a multiple-defendant, federal prosecution defendants are highly motivated to provide information helpful to the prosecution of their co-defendants regardless of the truth or falsity of that information and because he needed to stop the extended and financially devastating prosecution by the federal government.

The special master agreed with Paine that the circumstances presented in this case do not establish a conspiratorial purpose to misrepresent on Paine's part and thus the circumstances support a sanction of suspension, instead of disbarment. In mitigation of discipline, the special master listed the following factors: (1) absence of a prior disciplinary record in more than 32 years of practice; (2) lack of a dishonest or selfish motive; (3) timely and good faith effort to make restitution or rectify the consequences of misconduct as evidenced by the fact that Paine has already paid the $250,100 fine assessed and has completed 300 hours of community service; (4) cooperation in the disciplinary proceedings; (5) the imposition of other penalties or sanctions, including the fine and community

service requirements imposed by the district court; (6) remorse; and (7) outstanding character and reputation.

We have reviewed the record in this case and based on the evidence presented, we conclude, as did the special master, that Paine would pose no danger to his clients, the courts, or the public if allowed to continue in the practice of law and that his removal from practice would, as a practical matter, have no beneficial effect. However, we also observe that the public is likely to lose respect for the legal system if any lawyer is allowed to practice law while on probation for a criminal conviction and that Paine was convicted of a felony and thus could be disbarred. Accordingly, we hereby order that Paine be suspended from the practice of law until his probation is terminated, but not for a period shorter than 20 months from the date of this opinion. Paine is reminded of his duties under Bar Rule 4-219 (c).

*Suspension from the practice of law until termination of federal probation, but not for a period shorter than 20 months from the date of this opinion. All the Justices concur.*

DECIDED JANUARY 17, 2006 —
RECONSIDERATION DENIED FEBRUARY 13, 2006.

*William P. Smith III, General Counsel State Bar, Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.
*James E. Spence, Jr.*, for Paine.