S07Y1176. IN THE MATTER OF PAUL WALTER DAVID.
(651 SE2d 743)

PER CURIAM.

This disciplinary matter, which encompasses 15 separate disciplinary offenses, is before the Court on the Report of the Review Panel of the State Disciplinary Board which recommends disbarring Respondent Paul Walter David for his numerous violations of Rules 1.3 and 1.4 and his single additional violation of Rule 8.4 (a) (2). The Review Panel also relied upon the recidivist provisions of Bar Rule 4-103. The maximum sanction for a single violation of either Rule 1.3 or Rule 8.4 (a) (2) is disbarment, while the maximum sanction for a single violation of Rule 1.4 is a public reprimand. Although David admits the various violations, he vigorously argues that he should receive no more than a suspension for his conduct. We disagree and find that David should be disbarred.

Although complicated in its particulars, the record reflects that the various offenses can generally be broken down into four categories: ten abandoned criminal defense clients whom David had been appointed to represent either at trial or on appeal; three abandoned civil clients who had retained David to represent them; one case where David entered a guilty plea as a first offender to a felony offense; and one case where David was hired to represent an out-of-state individual charged with a crime in Georgia.

In each of the ten cases in the first category, a court appointed David to represent a criminal defendant either at trial or on appeal. These cases span from April 1999 through April 2002. Although David accepted the appointments, he did little or no work on their cases. In many of these cases, he missed filing deadlines. In others, he filed notices of appeal but failed to notify the client of the resolution of their appeals. In some, he refused or failed to respond to inquiries from the client or their families and in others he failed to even notify

the client of his appointment in the first place. Particularly egregious is the case wherein David was appointed to represent a client on appeal in 2001. In April 2002, the client filed a grievance against David asserting that David had abandoned his appeal and failed to communicate with him about his case. In response to that grievance, David assured the Investigative Panel that he would proceed with diligence in the client's matter and would advise the client of the developments in his case. Presumably in consideration for that promise (at least in part), David resolved the client's grievance (and two others) with a Formal Letter of Admonition in December 2002. Nevertheless, David did nothing further on the client's appeal and the client was forced to file a second grievance in September 2003 in which he claimed that David still had done nothing on his appeal. That grievance is one of the ones at issue in this matter.

As mentioned above, David has three civil clients who are involved in this disciplinary matter. Although all of their cases involve abandonment as well, each is slightly different. First, in 1999 a client hired David to represent her in a personal injury case. David filed suit but failed to arrange for service of the complaint. In December 2002, David falsely assured the client that her case was on the verge of settlement even though he knew that the complaint had never been served. Since then David has not had any communication with the client. Second, in August 2000 a client hired David to represent her and her child in a personal injury action. Although David filed suit, he filed the action against the wrong party. David neglected to inform the client of the problem and he failed to respond to Defendant's motion for summary judgment on that issue. Defendant's motion was granted in November 2002, but David failed to inform the client of the loss. She discovered it in April 2003 and attempted to fire David by letter, but the letter was returned as undeliverable because David had moved out of his office. The client has since hired new counsel who is attempting to pursue the action on her behalf. Third, in April 2001, a client hired David to represent her in an employment discrimination case, paying $1,000 toward costs in the case. Although David filed suit in August 2001, he ceased returning the client's calls in March 2002. The Court granted summary judgment against the client, but David failed to notify her of that development. The client is unable to proceed with her claim. The above two categories of cases each resulted in allegations that David violated either Rule 1.3 or 1.4 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), or both.

As to David's criminal conviction, it appears that on August 26, 2004 David entered a guilty plea in the Superior Court of Richmond County to felony tax evasion and the Court sentenced him as a first offender, to five years probation, plus fees, community service and

restitution of $6,248.[1] That sentence amounts to a violation of Rule 8.4 (a) (2). See Rule 8.4 (b) (2).

The final category of cases involved a client who hired David to represent him in 1999, and who asserted in a grievance filed against David in 2005 that he had just learned that David's failure to represent him led to the issuance of a warrant for his arrest in 1999. Because Bar Rule 4-222 sets a four-year statute of limitation for filing grievances, pursuit of this particular disciplinary action is barred and its allegations are not considered here.

Based on this record, we find that David violated Rules 1.3 and 1.4, and Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct and that he is eligible for recidivist treatment under Bar Rule 4-103. In aggravation of discipline we note that this disciplinary matter involves multiple offenses, which, taken together, show an extensive pattern of misconduct and neglect over a course of years and that David has a prior disciplinary history, having already received an Investigative Panel Reprimand for violating Rules 1.4 and 8.4 of the Georgia Rules of Professional Conduct arising out of his having improperly accepted a fee from a criminal client he was appointed to represent and a Formal Letter of Admonition for violating Rule 1.4 in three separate criminal matters. In further aggravation of discipline we note that most of the underlying grievances involve indigent criminal defendants, who in many ways are the most vulnerable of clients, powerless to hire their choice of attorney, but nonetheless deserving of an adequate level of communication and consideration from their counsel. Although David asserts that none of these clients was ultimately harmed by his actions, it is impossible not to conclude that they suffered needless worry and concern about the status of their cases and appeals as they awaited some word from David. In mitigation of discipline we find that David lacked a selfish motive; that David's conduct may have been caused in part by psychological and personal problems from which he was suffering; and that David has expressed remorse for the harm he caused.

In the end, however, we find that the aggravating factors substantially outweigh the mitigating ones and we therefore agree with the State Bar that the appropriate discipline in this case is disbarment. Thus, we hereby order that the name of Paul Walter David be removed from the rolls of attorneys authorized to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

---

[1] After paying his fees and restitution and fulfilling his community service hours, David petitioned for early termination of his probation and that petition was granted. David was discharged without adjudication of guilt on February 7, 2005.

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 9, 2007.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar,* for State Bar of Georgia. *Tucker, Everitt, Long, Brewton & Lanier, John B. Long,* for David.