## S08Y1963. IN THE MATTER OF R. SCOTT CUNNINGHAM.
### (669 SE2d 93)

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the Review Panel that Respondent R. Scott Cunningham be disbarred for violating Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), based on his convictions on three felony counts in the United States District Court for the Northern District of Georgia, Rome Division. The maximum penalty for a violation of Rule 8.4 (a) (2) is disbarment. This Court suspended Cunningham on November 20, 2006 pending the outcome of his appeal from the convictions, see S06Y2152. On December 14, 2006 the United States Court of Appeals for the Eleventh Circuit affirmed Cunningham's convictions and on March 1, 2008, the special master, Hamilton Bennett, held a hearing pursuant to Bar Rule 4-106 (f) (1) to determine whether Cunningham should be disbarred. On April 16, 2008, the special master issued his report recommending that Cunningham be disbarred. Cunningham filed a response to the report and the State Bar filed a response to Cunningham's response. The Review Panel issued its report recommending that Cunningham be disbarred and Cunningham did not file an exception to the Review Panel report and recommendation.

Cunningham, who has been a member of the State Bar since 1976, was convicted of one count of violating 18 USC § 1956 (Money Laundering) and two counts of violating 18 USC § 1957 (Conducting Monetary Transactions Over $10,000 in Criminally Derived Property). On April 13, 2006, Cunningham was sentenced on those felony convictions to a total of 24 months in prison (followed by three years of supervised release).

Cunningham's convictions arose from his involvement with a former bankruptcy client who wanted to start a business venture but was unable to obtain a bank account due to the bankruptcy. Cunningham agreed to use his escrow account to assist the client and from January 2002 until at least October 2002, deposited money from the client's business into his escrow account and disbursed funds therefrom at the client's direction. As a fee for this service, Cunningham charged the client a percentage of the funds deposited into the escrow account. In his capacity as the client's legal representative, Cunningham received letters and subpoenas from the

Arkansas attorney general which letters, at some point, the federal jury apparently found sufficient to put Cunningham on notice that his client's funds were criminally derived. During 2002, more than eight million dollars of money controlled by the client was deposited into Cunningham's escrow account generating fees in excess of $400,000 for Cunningham.

The special master and Review Panel concluded, as they must, that Cunningham violated Rule 8.4 (a) (2). We agree. In determining whether disbarment is the appropriate discipline for Cunningham's violations, we note in aggravation that this is Cunningham's third disciplinary infraction, having received a 12-month suspension in March 2003 for commingling of funds in his escrow account, see *In the Matter of Cunningham*, 276 Ga. 400 (578 SE2d 892) (2003) and a public reprimand in 1993, id., that Bar Rule 4-103 makes a third or subsequent disciplinary infraction, alone, grounds for suspension or disbarment; that allowing a convicted attorney to continue to practice erodes public confidence in the legal system, see *In the Matter of Stoner*, 246 Ga. 581 (272 SE2d 313) (1980); that, although no evidence exists to establish that any of Cunningham's clients were directly harmed by his actions, members of the public were harmed by the client's fraudulent scheme which was greatly facilitated by Cunningham's agreement to assist the client in processing and disbursing the funds collected from the numerous victims; and that Cunningham does not seem to acknowledge that he made serious errors in judgment. In mitigation, we find that it appears that Cunningham generally does a competent job handling matters for his clients; and that Cunningham was cooperative with the federal authorities during the initial stages of their investigation of the client's scheme. Based on the record as a whole and after weighing the factors in mitigation against the factors in aggravation, we agree with the special master's and Review Panel's recommendation of disbarment and hereby order that Cunningham be disbarred from the practice of law in the State of Georgia, see *In the Matter of Skandalakis*, 279 Ga. 865 (621 SE2d 750) (2005). Cunningham is reminded of his obligations under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.