S11Y0275. IN THE MATTER OF BROOKS E. BLITCH III.
(706 SE2d 461)

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of a special master, James C. Whelchel, appointed pursuant to Bar Rule 4-106 (e). The special master recommends suspending Respondent Brooks E. Blitch III (State Bar No. 063400) for three years for his violation of Rule 8.4 (a) (2) of Bar Rule 4-102 (d). Disbarment is generally appropriate where an attorney has been convicted of a felony involving fraud, and we find disbarment appropriate in this case given the circumstances.

On December 1, 2009, Blitch who has been a member of the Bar since 1961 and who served as a superior court judge for 27 years, entered a guilty plea in the United States District Court for the Middle District of Georgia to Honest Services Fraud Conspiracy under 18 USC §§ 2, 1341, 1343, 1346 and 1349, a federal felony. He was sentenced to three years probation and fined $100,100. Upon learning of the guilty plea, the State Bar moved for and obtained appointment of a special master pursuant to Bar Rule 4-106. Blitch was properly served and thereafter filed a petition for voluntary discipline in which he sought a one-year suspension. The special master rejected the petition and held a show cause hearing, pursuant

to Bar Rule 4-106 (e), at which hearing Blitch testified and presented evidence in mitigation of discipline. Afterwards, the special master issued his report and recommendation holding that, by his plea, Blitch violated Rule 8.4 (a) (2); that the plea arose from a failure on Blitch's part to abide by certain laws relating to ex parte communications and to notifying victims upon a proposed change of sentence of a criminal offender; that Blitch was never accused of "selling his office" or acting corruptly in a traditional sense, i.e., he was not accused of receiving or demanding or requiring anything for personal benefit; but that the plea nevertheless involved allegations of judicial misconduct which took it out of the norm of "attorney" misconduct. The special master noted that the State Bar presented no evidence in aggravation, but Blitch presented extensive evidence in mitigation. For example, Blitch presented evidence of his positive activities as a sitting superior court judge and filed a large number of letters (and presented live testimony) from members of the public, including ministers, elected officials, ordinary citizens, and lawyers who have appeared before him, all attesting to his good character, his trustworthiness and his service to his community. Also in mitigation, the special master noted that Blitch fully cooperated in the disciplinary proceedings; that he had no prior disciplinary record; that he appeared to have no dishonest or selfish motive; and that, after Blitch's plea and sentencing, the United States Supreme Court decided *Skilling v. United States*, ___ U. S. ___ (130 SC 2896, 177 LE2d 619) (2010) in which it declared the Honest Services statute unconstitutionally vague except in cases involving bribery and/or kickback schemes (neither of which was alleged in Blitch's case). Based on all of the above, the special master concluded that a three-year suspension was the appropriate discipline relying on *In the Matter of Waldrop*, 283 Ga. 80 (656 SE2d 529) (2008) (24-month suspension on guilty plea to felony possession of controlled substances); *In the Matter of Paine*, 280 Ga. 208 (625 SE2d 768) (2006) (suspension until termination of federal probation, but no less than 20 months on guilty plea conviction to obstruction of a federal audit); and *In the Matter of Haugabrook*, 278 Ga. 721 (606 SE2d 257) (2004) (one-year suspension and public reprimand on guilty plea to two felony counts of filing a false tax return).

The State Bar filed exceptions urging disbarment, noting that none of the cases relied upon by the special master involves a felony conviction arising out of the attorney's practice of law. The Bar notes that in this case Blitch's felony conviction arises directly from actions taken during the performance of his duties as a judge and argues that disbarment is warranted under *In the Matter of Skandalakis*, 279 Ga. 865, 866 (621 SE2d 750) (2005) ("disbarment is the typical discipline imposed in cases ... where a lawyer engages in

criminal conduct involving interference with the administration of justice, false swearing, misrepresentation, or fraud"); see also *In the Matter of Swindall*, 266 Ga. 553 (468 SE2d 372) (1996).

Without question, the "primary purpose of a disciplinary action is to protect the public from attorneys who are not qualified to practice law due to incompetence or unprofessional conduct." *Skandalakis*, 279 Ga. at 866, quoting *In the Matter of Brooks*, 264 Ga. 583 (449 SE2d 87) (1994). This Court is also concerned, however, about the public's confidence in the profession. Id.; see also *In the Matter of Cunningham*, 284 Ga. 449, 450 (669 SE2d 93) (2008). In this case, it is undisputed that Blitch chose to plead guilty to a federal felony offense and that the charge to which he admitted guilt related directly to the manner in which he performed his duties as a sitting superior court judge. It hardly bears stating that a judge occupies a unique and crucial position of power, trust and responsibility in our society. We cannot rightfully expect members of the public to respect the law and remain confident in the integrity and impartiality of our judiciary where judges themselves do not respect and follow the law. No matter how one looks at this case, Blitch's felony conviction deals a serious blow to the public's confidence in the legal system and, given his position as a judicial officer, his admitted violation of Rule 8.4 (a) (2) warrants a severe level of discipline despite the various mitigating factors urged below. Accordingly, we hereby order that Brooks E. Blitch III be disbarred and that his name be stricken from the roll of attorneys licensed to practice law in this State. Blitch is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED FEBRUARY 28, 2011.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Sims, Fleming, Benson & Hudson, John S. Sims, Jr.*, for Blitch.