S11Y0222. IN THE MATTER OF ROBERT DOUGLAS ORTMAN.
(709 SE2d 784)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the report and recommendation of a special master, Andrew C. Hall, appointed pursuant to Bar Rule 4-106 (e). The special master recommends rejecting the petition for voluntary discipline filed by Respondent Robert Douglas Ortman (State Bar No. 554911) (in which Ortman sought a public reprimand) and suspending Ortman for 12 months for his violation of Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). We agree.

The record shows that on May 28, 2010, Ortman, who has been a member of the Bar since 1999, entered a guilty plea in the Superior Court of Cobb County, Georgia under *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970) to one felony count of aggravated battery. He was sentenced under the First Offender Act to 12 months probation, along with various conditions including anger management evaluation and treatment, a fine of $1,000 and restitution to the victim of $450. Although the maximum penalty for a violation of Rule 8.4 (a) (2) is disbarment and although disbarment is considered the typical level of discipline imposed in cases like this one involving violent felonies, see *In the Matter of Collins*, 263 Ga. 185 (429 SE2d 908) (1993), we recognize that in arriving at the punishment to be imposed, disciplinary cases must be largely governed by their own particular facts. See *In the Matter of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981). Moreover, we have never foreclosed the possibility that a lesser punishment than disbarment might be appropriate where the circumstances and mitigating factors are sufficient to justify a lesser penalty. This appears to be such a case inasmuch as Ortman, who had various physical conditions that led him to be particularly sensitive to his physical safety, presented evidence sufficient to show that his conduct arguably was not a premeditated effort to harm the victim, but rather a reflexive response to a perceived danger to his person and that despite his honest belief in his innocence, he took the first-offender, *Alford* plea because certain circumstances made him unsure of whether he would prevail at trial; the plea offer was a good deal with no jail time; and he wanted to avoid being separated from his wife and young child.

"The primary purpose of a disciplinary action is to protect the public from attorneys who are not qualified to practice law due to

incompetence or unprofessional conduct," see *In the Matter of Brooks*, 264 Ga. 583 (449 SE2d 87) (1994), but this Court is also concerned generally about the public's confidence in the profession. *In the Matter of Skandalakis*, 279 Ga. 865 (621 SE2d 750) (2005). Having reviewed the record in this case, we accept the special master's findings that Ortman violated Rule 8.4 (a) (2) of Bar Rule 4-102 (d), and we agree that by so doing, Ortman violated a duty owed to the public and the legal profession not to engage in illegal conduct. We find in aggravation that while not required to admit criminal culpability, given his *Alford* plea, Ortman has nonetheless refused to acknowledge the wrongful nature of his conduct inasmuch as he has not expressed any remorse or recognition for the serious injury that he caused both to his victim and to the profession of law generally. In mitigation, however, we note that Ortman has no prior disciplinary history; that he presented evidence of good character and reputation; and that this appears to be an isolated incident in which no harm came to any of Ortman's clients. Therefore, given the specific circumstances of this case, we find disbarment unwarranted and instead, order Ortman suspended from the practice of law for a period of 12 months from the date of this opinion. He is reminded of his duties under Bar Rule 4-219 (c).

*Twelve-month suspension. All the Justices concur.*

NAHMIAS, Justice, concurring.

I concur fully in the Court's opinion. I write separately to discuss a "mitigating" factor that, although not mentioned by the Court, was considered in Ortman's favor by the Special Master in making his recommendation to us. The Special Master's report states that "[a]nother mitigating factor is that [Ortman] has already been punished for his conduct," noting that, as a result of his criminal conviction for aggravated battery, Ortman was sentenced to a 12-month probated sentence, fined $1,000, and ordered to undergo an anger/violence program. I do not believe that the law or logic supports the conclusion that punishment imposed in the criminal justice system, for violations of the criminal law, should reduce the discipline imposed in the State Bar system, for violations of the professional conduct rules. Some of our cases, however, say that it does; I believe the Court needs to decide how it will treat this factor and needs to be consistent in that treatment.

In support of his finding, the Special Master cited only Standard 9.32 (k) of the ABA Standards for Imposing Lawyer Sanctions (1992), which does list "imposition of other penalties or sanctions" as a mitigating circumstance. To the extent that the ABA standards are relevant to our disciplinary decisions, however, it appears that we have properly interpreted this standard to apply to other penalties

*arising during the disciplinary process itself,* rather than penalties imposed in separate criminal proceedings. See *In the Matter of Suttle,* 288 Ga. 14, 15-16 (701 SE2d 154) (2010) (in a case arising from Suttle's felony conviction, not mentioning his punishment for that crime as mitigating but noting his argument, accepted by the Special Master but rejected by the Court, that the lengthy delay in his disciplinary case caused by delays in his criminal case, during which he was effectively suspended from the practice of law, "disadvantaged and punished him" and therefore should be considered in mitigation, citing Standard 9.32 (k)). See also *In the Matter of Bailey,* 267 Ga. 370, 370-371 (478 SE2d 131) (1996) (listing Bailey's suspension from the practice of law before our disciplinary decision as a mitigating factor under Standard 9.32).

The Special Master did not cite any cases, but he could have, because this Court has previously mentioned imposition of other criminal sanctions as a mitigating factor in (as best I can tell) about seven disciplinary cases over the past dozen years. See *In the Matter of Quay,* 281 Ga. 549, 550 (640 SE2d 290) (2007); *In the Matter of Paine,* 280 Ga. 208, 209-210 (625 SE2d 768) (2006); *In the Matter of Skandalakis,* 279 Ga. 865, 866-867 (621 SE2d 750) (2005); *In the Matter of Haugabrook,* 278 Ga. 721, 722 (606 SE2d 257) (2004); *In the Matter of Stewart,* 275 Ga. 199, 200 (563 SE2d 859) (2002); *In the Matter of Silver,* 273 Ga. 727, 728 (545 SE2d 886) (2001); *In the Matter of Calhoun,* 268 Ga. 877, 878 (494 SE2d 335) (1998).

However, in none of those cases has the Court explained *why* penalties imposed in the criminal justice system for violations of the criminal law should mitigate the discipline imposed in the State Bar system for violations of the professional conduct rules. Simply saying it over and over does not make it so. Indeed, by the logic of these statements, the *more serious* the criminal punishment, the *more mitigating* it should be on the disciplinary sanction, which seems exactly backward and is contrary to how the factor has been used in our cases, where it appears to be mentioned only when the criminal punishment was relatively light. For example, in this case, Ortman's criminal punishment was on the lowest end for a violent felony — First Offender treatment with just a year on probation, a small fine, and conditions. As done by the Special Master in this case, the Court tends to cite this factor when deciding to impose reduced discipline for an attorney convicted of a crime that normally warrants disbarment (*Skandalakis* and *Quay* being the exceptions).

Moreover, the Court has not invoked this supposed mitigating factor consistently; nor, as a result, have the Special Masters, Review Panels, and State Bar Counsel who rely on our decisions in making recommendations to us. The factor would apply in *every* disciplinary case in which the Court sanctions a lawyer as a result of his or her

conviction of a crime — yet, as noted above, it is rarely pulled out of the "mitigating factor" toolbox. For example, in a decision the Court cites today in explaining that disbarment is the typical level of discipline in cases involving violent felonies, see *In the Matter of Collins*, 263 Ga. 185 (429 SE2d 908) (1993), the Court's opinion did not even mention Collins' sentence for aggravated assault, much less say that his criminal punishment was a mitigating factor. See id. at 185-186. Other recent examples of cases in which this purported mitigating factor was not mentioned include *In the Matter of Cunningham*, 284 Ga. 449, 450 (669 SE2d 93) (2008) (listing two other mitigating factors); *In the Matter of Waldrop*, 283 Ga. 80, 80-82 (656 SE2d 529) (2008) (listing at least seven mitigating factors, but with neither the majority nor the dissent mentioning Waldrop's criminal punishment as mitigating); *In the Matter of David*, 282 Ga. 517, 519 (651 SE2d 743) (2007) (listing three mitigating factors); *In the Matter of Hickey*, 280 Ga. 535, 535 (630 SE2d 395) (2006) (disbarring Hickey solely on the basis of his child sexual exploitation convictions, without mentioning his sentence or any other mitigating factor); *In the Matter of Porges-Dodson*, 280 Ga. 433, 434 (627 SE2d 545) (2006) (finding "no mitigating factors" despite Porges-Dodson's criminal sentence). If we are to recognize criminal punishment imposed on lawyers as "mitigating" of the disciplinary sanction imposed on them based on their criminal convictions, then at least we should be consistent.

Given the unusual circumstances of Ortman's criminal conduct and the other mitigating factors he presents, I agree with the Special Master's recommendation and the Court's decision to impose a 12-month suspension. However, I believe that the Court should take this opportunity to hold that the fact that a lawyer "has already been punished for his conduct" in the criminal justice system should not be considered as a mitigating factor that reduces the seriousness of or the sanctions to be imposed for the lawyer's professional misconduct.

DECIDED APRIL 18, 2011.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.