NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: October 4, 2022

S22Y1157, S22Y1158.  IN THE MATTER OF FRANKLIN DAVID MCCREA.

PER CURIAM.

These disciplinary matters are before the Court on a consolidated report and recommendation by Special Master Jack Jeffrey Helms, Jr., addressing two formal complaints and recommending that the Court disbar Franklin David McCrea (State Bar No. 486850) for his violations of multiple provisions of the Georgia Rules of Professional Conduct ("GRPC"), see Bar Rule 4-102 (d), in connection with two client matters.  For the reasons set forth below, we agree with the Special Master and order McCrea's disbarment.

McCrea was admitted to the State Bar in 1992[1] and has no prior disciplinary history. The record reflects that after the State Bar filed its two complaints, which were docketed as State Disciplinary Board Docket ("SDBD") Nos. 7322 and 7448, McCrea participated in the disciplinary proceedings initially, but for the past 17 months, it appears that he has ignored the proceedings. Specifically, in connection with SDBD No. 7322, he failed to respond to the notice of investigation, and although he acknowledged service of the formal complaint, he failed to file a timely answer. In response to the State Bar's motion for default, however, he admitted he had no defense to the allegations. In connection with SDBD 7448, McCrea filed an inadequate response to the notice of investigation[2]

---

[1] On July 29, 2022, this Court entered an order suspending McCrea for his non-compliance with the requirements for continuing legal education.

[2] This Court first suspended McCrea in March 2020 after he failed to adequately respond to the notice of investigation underlying SDBD 7448, but the Court reinstated McCrea at the State Bar's request after it determined that his belated response was adequate. See Case No. S20Y0902 (Mar. 3, 2020, and Aug. 3, 2020). Around this same time, it appears, from a review of the dockets of this Court and the Court of Appeals, that McCrea was a defendant in a criminal case, see *McCrea v. State*, Case No. A20I0203 (Apr. 15, 2020), cert. denied, Case No. S20C1232 (Dec. 21, 2020). There is no information about any criminal proceeding in the record of these disciplinary matters.

and, after being personally served with the formal complaint in April 2021, filed an untimely answer to the formal complaint in August 2021, in which he admitted most of the facts and all of the rules violations alleged. In March 2022, the State Bar moved for judgment on the pleadings, and McCrea failed to respond. In his response to the Bar's motion for default in SDBD 7322 and in his untimely answer in SDBD 7448, McCrea sought an opportunity to present mitigating evidence, but he ultimately failed to respond to the Special Master's and the Bar's counsel's lengthy efforts to set up a hearing. Ultimately, the Special Master granted the motion for default and the motion for judgment on the pleadings.

Based on McCrea's admissions and his default, the following facts appear. In connection with SDBD 7322, McCrea represented a client in 2018 in a federal criminal matter in which the client entered a guilty plea. The client retained appellate counsel to pursue post-conviction remedies, and appellate counsel contacted McCrea in late November 2018, asking that McCrea provide him with the client's complete file. McCrea never provided the client's

file to appellate counsel, and the client's appeal was ultimately dismissed. In connection with SDBD 7448, McCrea was retained to represent a client in obtaining an uncontested divorce and was paid a flat fee of $950, but he failed to respond to inquiries from his client regarding the status of the case. In late November 2018, McCrea sent his client an email, stating that he would call later that afternoon and that the divorce would be final by January 2019 at the latest. However, the divorce was never finalized by McCrea, and the client retained another attorney to finalize the divorce.

The Special Master determined, and we agree, that by this conduct McCrea violated GRPC 1.2 (a) (lawyer shall abide by client's decisions concerning the objectives of representation and shall consult with client as to the means by which they are to be pursued); 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client and shall not willfully abandon or disregard a legal matter entrusted to him); 1.4 (a) (3) (lawyer shall keep client reasonably informed about the status of the matter); 1.4 (a) (4) (lawyer shall promptly comply with reasonable requests for

4

information); 1.16 (d) (upon termination of representation, lawyer shall take reasonable steps to protect a client's interests, including surrendering papers); and 9.3 (during investigation of a grievance against him, lawyer shall respond to disciplinary authorities in accordance with State Bar Rules). The maximum sanction for a violation of GRPC 1.2 (a) and 1.3 is disbarment, and the maximum sanction for a violation of the remaining rules is a public reprimand.

In his consolidated report and recommendation, the Special Master correctly noted that while the primary purpose of a disciplinary action is to protect the public from attorneys who are not qualified to practice law due to incompetence or unprofessional conduct, see *In the Matter of Blitch*, 288 Ga. 690, 692 (706 SE2d 461) (2011), this Court is also concerned with the public's confidence in the profession, see id. The Special Master considered the ABA Standards for Imposing Lawyer Sanctions (1992), see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996); determined that the following aggravating circumstances were present: multiple offenses and substantial experience in the practice of law, see ABA

Standard 9.22 (d), (i); and found that McCrea's lack of prior disciplinary record was the sole mitigating factor, see ABA Standard 9.32 (a). The Special Master further noted that McCrea was given the opportunity to present evidence of mitigating circumstances at a hearing but rightly concluded that McCrea waived that opportunity by failing to respond to the Special Master's and the State Bar's efforts to set up such a hearing. The Special Master concluded that disbarment was the appropriate sanction for an attorney who abandons his client and fails to respond to disciplinary authorities. Neither McCrea nor the State Bar sought review by the Review Panel, and McCrea failed to file exceptions to the Special Master's report.

Having reviewed the record, we agree that disbarment is the appropriate sanction and that disbarment is consistent with prior cases in which an attorney has, indisputably, violated provisions of the GRPC that carry disbarment as a sanction and has failed to participate fully in the disciplinary process. See *In the Matter of Bell*, 313 Ga. 615 (872 SE2d 290) (2022) (disbarring attorney for

6

violating GRPC 1.2 (a) and 1.3, as well as other rules, where attorney did not respond to Bar's motion for partial summary judgment and filed untimely and inadequate exceptions to Special Master's report and recommendation); *In the Matter of Powell*, 310 Ga. 859, 860 (854 SE2d 731) (2021) (disbarring attorney for abandoning single client and failing to respond to disciplinary authorities for over two years). Accordingly, it is hereby ordered that the name of David Franklin McCrea be removed from the rolls of persons authorized to practice law in the State of Georgia. McCrea is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*